United States District Court

For the Northern District of California

1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   KFD ENTERPRISES, INC.,                    No. C-08-4571 MMC

11              Plaintiff,                      **AMENDED\* ORDER GRANTING IN
                                               PART AND DENYING IN PART**
12      v.                                      **PLAINTIFF'S MOTION FOR LEAVE TO
                                               AMEND; GRANTING CITY OF**
13   CITY OF EUREKA,                            **EUREKA'S MOTION FOR LEAVE TO
                                               AMEND**
14              Defendant,

15   _____/

16   AND RELATED COUNTERCLAIMS AND
     CROSSCLAIMS.
17   _____/

18        Before the Court are plaintiff KFD Enterprises, Inc.'s ("KFD") motion, filed June 12,

19   2009, for leave to file a an amended complaint, and defendant/counterclaimant/third-party

20   plaintiff City of Eureka's ("City") motion, likewise filed June 12, 2009, for leave to file an

21   amended counterclaim and third-party complaint.[1]  Having read and considered the papers

22   filed in support of and in opposition to the motions, the Court deems the matters

23   appropriate for decision thereon, hereby VACATES the hearings scheduled for July 24,

24   2009, and rules as follows.

25   _____

26        \*The sole amendment is remove the limitation to CERCLA claims in the Court's
     description of KFD's argument in opposition to the City's motion.  (See infra, at 3:13-15.)
27

28        [1]Although the City has titled its proposed pleading a "First-Amended Complaint" (see
     Bolcom Decl. Ex. 1), such pleading is in fact an amended counterclaim and third-party
     complaint.

1

**DISCUSSION**

2

**A.      KFD's Motion**

3          By its motion, KFD seeks leave file a First Amended Complaint ("FAC") that adds

4    claims against ten new parties, as well as claims for "continuing trespass, strict liability,

5    negligence, and waste," and deletes a claim for "Porter-Cologne Statutory Contribution."

6    (See Mot. at 3:3-18.)  In opposition to such motion, third-party defendant Unocal

7    Corporation ("Unocal"), whom KFD seeks to add as a defendant, argues that KFD's

8    proposed First Claim for Relief ("Cost Recovery Pursuant to CERCLA § 107(a)"[2]) is barred

9    to the extent it seeks to impose joint and several liability on defendants, that KFD's

10   proposed Fourteenth Claim for Relief ("Waste") is barred by the applicable statute of

11   limitations, and that KFD's proposed request for attorney's fees (see Mot. Ex. A (Proposed

12   FAC) Prayer for Relief ¶ 7) is futile, as KFD has failed to plead any claim for relief under

13   which such fees are available.

14         Leave to amend may be denied if the amendment "constitute[s] an exercise in

15   futility."  See DCD Programs, Inc. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  A

16   proposed amendment is futile, however, "only if no set of facts can be proved under the

17   amendment to the pleadings that would constitute a valid and sufficient claim or defense."

18   Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

19         Here, with respect to KFD's proposed First Claim for Relief, Unocal argues that KFD

20   is a "potentially responsible party ('PRP')" under § 107(a) of CERCLA and that,

21   consequently, KFD's "remedy under CERCLA, if any, is limited to several liability only."

22   (See Opp'n at 3:5-6, 3:25.)  Such argument, however, is premature at this stage of the

23   proceedings, as it does not address the question of whether KFD's First Claim for Relief

24   may be asserted against Unocal, but, rather, the nature of the relief available under such

25   Claim for Relief.

26         With respect to KFD's proposed Fourteenth Claim for Relief and its request for

27   _____

28         [2]Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") is codified at 42 U.S.C. § 9607(a).

1  attorney's fees, KFD states it "agrees to dismiss without prejudice" both the claim and the

2  request.  (See Reply at 5:10-13.)

3       Accordingly, to the extent KFD seeks leave to amend to add new parties and to add

4  claims for continuing trespass, strict liability, and negligence, KFD's motion will be granted,

5  and to the extent KFD seeks leave to amend to assert its proposed Fourteenth Claim for

6  Relief and its proposed request for attorney's fees, KFD's motion will be denied.[3]

7  **B.    The City's Motion**

8       By its motion, the City seeks leave to file an amended counterclaim and third-party

9  complaint that adds claims against nine new parties, seven of which are also named in

10 KFD's proposed First Amended Complaint.  In opposition to such motion, KFD argues that

11 the City's proposed claims against Kenneth Daer ("Daer"), the "owner and operator" of KFD

12 (see Bolcom Decl. Ex. 1 (proposed amended counterclaim and third-party complaint) ¶¶ 5,

13 15), would be futile.  In particular, KFD argues, the City has failed to plead sufficient facts in

14 support of its claims against Daer and has failed to provide "evidentiary support" for such

15 claims.  (See Opp'n at 6:16.)  As noted, however, a proposed amendment is futile "only if

16 no set of facts can be proved under the amendment to the pleadings that would constitute

17 a valid and sufficient claim or defense."  See Miller, 845 F.2d at 214.  Here, KFD has failed

18 to show the City can plead no set of facts under which Daer would be liable to the City.

19      Accordingly, the City's motion for leave to amend will be granted.

20                              **CONCLUSION**

21      For the reasons stated above:

22      1.  To the extent KFD seeks leave to amend to add new parties and to add claims

23 for continuing trespass, strict liability, and negligence, KFD's motion is hereby GRANTED;

24 KFD's First Amended Complaint shall be filed no later than July 31, 2009.

25      2.  In all other respects, KFD's motion is hereby DENIED.

26 //

27      [3]In light of such ruling, the Court does not reach Unocal's Request for Judicial
28 Notice, as such request is directed only at the issues of whether KFD is a PRP under
   CERCLA and whether KFD's proposed Fourteenth Claim for Relief is time-barred.

1       3.  The City's motion for leave to amend is hereby GRANTED; the City's amended

2   counterclaim and third-party complaint shall be filed no later than July 31, 2009.

3       **IT IS SO ORDERED.**

4

5   Dated:  July 20, 2009

6                                                    MAXINE M. CHESNEY
                                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28