IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFD ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF EUREKA, <br><br> Defendant. <br><br> And related counter and cross claims. | No. C-08-4571 MMC <br><br> **ORDER GRANTING KFD AND DAER's MOTION TO DISMISS; DISMISSING AS TO DAER WITH LEAVE TO AMEND FOURTH THROUGH ELEVENTH CAUSES OF ACTION FROM CITY OF EUREKA'S SECOND AMENDED COMPLAINT; GRANTING KFD AND DAER'S MOTION TO STRIKE; VACATING JANUARY 15, 2010 HEARING** |

Before the Court are: (1) plaintiff/cross defendant KFD Enterprises, Inc. ("KFD") and third-party defendant Kenneth Daer's ("Daer") "Motion to Dismiss the Fourth through Eleventh Causes of Action from the Second Amended Complaint of Counterclaimant and Third-Party Plaintiff City of Eureka ["SAC"]," filed November 30, 2009 ("Motion to Dismiss"), and (2) KFD and Daer's "Motion to Strike Portions of the Second Amended Complaint of Counterclaimant and Third-Party Plaintiff City of Eureka," filed November 30, 2009 ("Motion to Strike"). Third-party plaintiff City of Eureka ("the City") has filed opposition to the Motion to Dismiss, to which Daer has replied; the City has filed no opposition to the Motion to

Strike.[1] Having read and considered the papers filed in support of and in opposition to the Motion to Dismiss, and having read and considered the papers filed in support of the Motion to Strike, the Court deems the matters suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for January 15, 2010, and rules as follows.

1. Motion to Dismiss

The Fourth through Eleventh Causes of Action, by which the City alleges violations of California law arising out of environmental contamination, are, for the reasons stated by KFD and Daer, subject to dismissal to the extent they are alleged against Daer, in that, as to each such cause of action, the City has failed to allege facts sufficient to state a claim against Daer, either based on his own conduct or as the alter ego of KFD. (See MTD at 4:16-5:21 (Dkt. 159); see also Order filed Oct. 19, 2009 (Dkt. 128).) In particular, the City's allegation that Daer was "personally involved"[2] in the violations alleged (see SAC ¶¶ 29, 30) is both conclusory and ambiguous. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (holding courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding "factual allegations must be enough to raise a right to relief above the speculative level").

Defendants have not shown, however, that further amendment necessarily would be futile or otherwise inappropriate; consequently, the City's request for leave to amend will be granted. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

2. Motion to Strike

As KFD and Daer point out, paragraphs 63-72 of the SAC are wholly duplicative of paragraphs 53-62 (compare SAC ¶¶ 53-62 with SAC ¶¶ 63-72) and the language of

---

[1] As KFD and Daer point out, the City's opposition, although titled "Opposition to [KFD's] Motion to Strike," is, in fact, an opposition to KFD's Motion to Dismiss.

[2] The SAC contains no alter ego allegations with respect to KFD and Daer.

paragraph 102 was stricken by prior court order (see Order filed Oct. 19, 2009 (Dkt. 127) at 2).

## CONCLUSION

For the reasons stated,

1. KFD and Daer's Motion to Dismiss is hereby GRANTED, and the Fourth through Eleventh Causes of Action in the City's Second-Amended Complaint as alleged against Daer are hereby DISMISSED without prejudice and with leave to amend;

2. KFD and Daer's Motion to Strike is hereby GRANTED;

3. The City's Third Amended Complaint, if any, shall be filed no later than March 12, 2010.

**IT IS SO ORDERED.**

Dated: January 13, 2010

MAXINE M. CHESNEY
United States District Judge