IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFD ENTERPRISES, INC., a California Corporation dba Norman's Dry Cleaner,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CITY OF EUREKA,<br><br>　　　　Defendant.<br>_____/<br>And Related Counterclaims, Cross-Claims, and Third-Party Claims.<br>_____/ | Case No. C 08-04571 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AS ALLEGED AGAINST DEFENDANT ENVIRONMENTAL RESOLUTIONS, INC.** |

## INTRODUCTION

Before the Court is plaintiff KFD Enterprises, Inc.'s ("KFD") Motion for Leave to File Third Amended Complaint, filed February 12, 2010, by which KFD seeks to add a claim under the Resource Conservation and Recovery Act ("RCRA"). Defendant Environmental Resolutions, Inc. ("ERI") has filed opposition, to which KFD has replied.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for

---

[1] Defendants R.R. Street & Co., Inc. and Multimatic, LLC have filed statements of non-opposition to KFD's motion; no other parties have responded to the motion.

April 9, 2010, and rules as follows.

## BACKGROUND

The following allegations are taken from KFD's proposed Third Amended Complaint ("TAC") and will be taken as true for purposes of the instant motion.

"[S]ince on or about 1980" KFD "has owned and operated a dry cleaning business" located at 2907 E Street, Eureka, CA ("the Property"). (See KFD's SAC ¶ 19.) Prior to KFD's ownership, "from on or about 1964 to on or about 1979 defendant [Union Oil Company of California ("Union Oil")] owned the Property and operated a motor fuel and vehicle repair service station at the Property." (See id. at ¶ 20.) While operating the service station, Union Oil "used and stored" hazardous substances, "including tetrachloroethylene ('PCE') and both petroleum and non-petroleum based contaminants," on the Property, which "led to releases of hazardous substances," causing "contamination in, at, or around the soil and groundwater underlying the Property and the surrounding soils and groundwater." (See id. ¶ 20.) ERI, "acting as an agent, servant and/or employee of Union Oil, [Unocal Corporation ("Unocal"), and Chevron Corporation]" (see id. at ¶ 28), was "an environmental remediation company engaged in contaminant investigation, containment, and/or clean-up at the Property" (see id. at ¶ 27). ERI "arranged for the disposal of hazardous substances into the soil, groundwater and environment at and surrounding the Property" (see id. ¶ 38) and "as a result of ERI's activities, hazardous substances were released at the Property, thereby causing contamination in, at, or around the soil and groundwater underlying the Property and the surrounding soils and groundwater." (See id. ¶ 27.)

KFD's original complaint was filed October 1, 2008 and named only the City of Eureka as a defendant. ERI was first named as a third party defendant to Unocal's Third Party Complaint, filed June 12, 2009. On July 20, 2009 KFD named ERI as a defendant in its First Amended Complaint. On September 4, 2009 KFD sent a letter giving ERI notice of

its intent to file a RCRA claim.[2] (See Acero Decl. Ex. A.) On September 30, 2009 KFD filed its Second Amended Complaint which did not include a RCRA claim. By the instant motion, KFD seeks leave to file its TAC which, for the first time, alleges a RCRA claim against eight defendants, including ERI. (See MLA Ex. A ¶¶ 114-120.)

## LEGAL STANDARDS

### A.   Leave to Amend

Where, as here, the complaint already has been amended on more than one occasion, "a party may amend its pleading only with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. 15(a)(2). "The court," however, "should freely give leave when justice so requires." See id. In determining whether such leave should be granted, the court considers the presence of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Among such factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." See Eminence Capital, 316 F.3d at 1052.

## DISCUSSION

### A.   Futility of Amendment

ERI argues, inter alia, KFD's proposed amendment is futile because KFD's "pre-lawsuit notice is thin and conclusory" and "fails to identify all the information required by RCRA regulations and case law." (See ERI's Opp'n at 2:13-15.)

RCRA requires parties to provide notice to potential defendants prior to bringing a citizen suit for contribution. See 42 U.S.C. § 6972(b)(2)(A). Absent compliance with the required notice provision, the district court lacks subject matter jurisdiction to hear a RCRA

---

[2] RCRA requires a party bringing a citizen lawsuit for contribution to provide notice to potential defendants 90 days prior to the filing of such lawsuit. See 42 U.S.C. § 6972(b)(2)(A).

3

claim. See Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989). The statutory notice requirements are "mandatory conditions precedent to commencing suit under the RCRA citizen suit provision." See Hallstrom v. Tillamook County, 493 U.S. 20, 31 (1989).

The manner by which such notice must be given is governed by EPA regulations, which provide:

> Notice regarding an alleged violation of . . . this Act shall include sufficient information to permit the recipient to identify the specific permit, standard, regulation, condition, requirement, or order which has allegedly been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the date or dates of the violation, and the full name, address, and telephone number of the person giving notice."

See 40 C.F.R. § 254.3(a).

Few cases have considered the sufficiency of pre-lawsuit notices under RCRA, and the parties have cited to none. As ERI has pointed out, however, the Court may look to cases addressing the adequacy of pre-lawsuit notices under other environmental statutes, such as the Clean Water Act and the Clean Air Act, as the language of those notice requirements is substantially similar to that found in the regulations adopted under RCRA.[3] See, e.g., Hackensack Riverkeeper v. Delaware Ostego Corp., 450 F.Supp.2d 467, 481 (D.N.J. 2006) (citing cases decided under "notice regulations" adopted in connection with Endangered Species Act and Clean Water Act; finding reasoning of cited cases applicable to determination of RCRA notice requirement because such regulations "were similar to 40

---

[3] The majority of cases construing the sufficiency of pre-lawsuit notices have been decided under the Clean Water Act and Clean Air Act. Under the Clean Water Act, "[n]otice . . . shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice." See 40 C.F.R. § 135.3. Similarly, under the Clean Air Act, "[n]otices . . . shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order which has allegedly been violated, the activity alleged to be in violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name and address of the person giving the notice. See 40 C.F.R. § 54.3(b).

4

1  C.F.R. § 254.3(a)").

2       Here, KFD's pre-lawsuit notice to ERI contains only conclusory assertions that ERI
3  "was hired to perform environmental activities at the Property relating to the presence of
4  hazardous substances" and "[t]hrough the acts and omissions of [ERI], hazardous
5  substances, including tetracholoroethylene [sic] and petroleum-based and nonpetroleum-
6  based contaminants were released into the soil and groundwater on and around the
7  Property." (See Acero Decl. Ex. A at 2.)  Such notice falls substantially short of providing
8  the "sufficient information" required by 40 C.F.R. § 254.3(a), as no facts are provided as to
9  the nature of ERI's activities that are alleged to have violated RCRA, and no date, or even
10 range of dates, on which ERI is alleged to have engaged in such activities is specified.
11 Compare, e.g., Waterkeepers N. Cal. v. AG Indus. Mfg., 375 F.3d 913, 917 (9th Cir. 2004)
12 (finding plaintiff's ten-page notice letter sufficient under Clean Water Act where letter
13 "specifically identifie[d] pollutants associated with [defendant's] operations; describe[d] in
14 detail the sources and practices that lead to the discharge of contaminated storm water
15 from [defendant's] site; [ ] explain[ed] that non-storm water, contaminated by washing or
16 hosing down dirty machinery or equipment, is flushed from [defendant's] site into the storm
17 sewer system"; and accused defendant "of violating the Act by discharging contaminated
18 storm water 'during at least every rain event over 0.1 inches'"); with, e.g., National Parks &
19 Conservation Association v. TVA, 502 F.3d 1316, 1330-31 (11th Cir. 2007) (finding
20 plaintiff's notice letter, sent in 2000, deficient under Clean Air Act where letter "alleg[ed] that
21 [defendant] has 'failed every day' to comply with EPA regulations since the modification of
22 Unit 5 in 1983," but "[did] not identify specific activities that violate[d] the Act" and did not
23 "date the[ ] violations" other than "to a nearly 20-year span of time").
24 //
25 //
26 //
27 //
28

**CONCLUSION**

Accordingly, for the reasons stated above, KFD's motion to file its proposed Third Amended Complaint, to the extent it is alleged against ERI, is hereby DENIED for lack of subject matter jurisdiction.[4]

**IT IS SO ORDERED.**

Dated: April 22, 2010

MAXINE M. CHESNEY
United States District Judge

---

[4] In light of this ruling, the Court does not address herein ERI's additional arguments in opposition to the motion.