**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11

12   KFD ENTERPRISES, INC.,                  No. C-08-4571 MMC

13            Plaintiff,                      **ORDER GRANTING IN PART AND
                                              DENYING IN PART ENVIRONMENTAL
14      v.                                    RESOLUTIONS, INC.'S MOTION FOR
                                              JUDGMENT ON THE PLEADINGS**
15   CITY OF EUREKA,

16            Defendant.

17   _____/

18   And Related Counterclaims, Cross-claims,
     and Third-Party Claims.
19   _____/

20

21        Before the Court, pursuant to Rules 12(c) and 12(f) of the Federal Rules of Civil

22   Procedure, is defendant, third party defendant and cross-defendant Environmental

23   Resolutions, Inc.'s ("ERI") Motion for Judgment on the Pleadings, filed February 26, 2010.[1]

24   Plaintiff KFD Enterprises ("KFD") and cross-claimant Winzler & Kelly, have filed oppositions

25   to the motion, to which ERI has separately replied.  Additionally, third-party plaintiff Unocal

26   _____

27        [1] In the course of arguing the motion, ERI also cites to Rule 12(b)(6), the rule
     applicable to motions to dismiss, and seeks the dismissal of all claims alleged against it.
     Ordinarily, a motion for judgment on the pleadings may be brought only after the pleadings
28   have closed.  See infra at 4-6. Irrespective of whether the instant motion is properly
     characterized as having been brought under Rule 12(c) or Rule 12(b)(6), however, the
     same analysis applies.  See id.

1   Corporation ("Unocal"), cross-claimant Union Oil Company of California ("Union Oil"), and

2   their corporate parent, Chevron Corporation (collectively "Petroleum Defendants"), have

3   jointly filed opposition to the motion, to which ERI has replied.  Cross-claimant City of

4   Eureka ("the City") has not filed opposition to the motion.[2]  Having read and considered the

5   papers filed in support of and in opposition to the motion,[3] the Court rules as follows.

6   **BACKGROUND**

7   The instant action was filed initially by KFD.  The following allegations are taken from

8   KFD's Second Amended Complaint ("KFD's SAC").  "[S]ince on or about 1980" KFD "has

9   owned and operated a dry cleaning business" located at 2907 E Street, Eureka, CA ("the

10   Property").  (See KFD's SAC ¶ 19.)  Prior to KFD's ownership, "from on or about 1964 to on

11   or about 1979 defendant Union Oil owned the Property and operated a motor fuel and

12   vehicle repair service station at the Property."  (See id. at ¶ 20.)  While operating the

13   service station, Union Oil "used and stored" hazardous substances, "including

14   tetrachloroethylene ('PCE') and both petroleum and non-petroleum based contaminants,"

15   on the Property, which "led to releases of hazardous substances," causing "contamination

16   in, at, or around the soil and groundwater underlying the Property and the surrounding soils

17   and groundwater." (See id. ¶ 20.)  ERI, "acting as an agent, servant and/or employee of

18   Union Oil, Unocal, and Chevron" (see id. at ¶ 28), was "an environmental remediation

19   company engaged in contaminant investigation, containment, and/or clean-up at the

20   Property" (see id. at ¶ 27).  ERI "arranged for the disposal of hazardous substances into the

21   soil, groundwater and environment at and surrounding the Property" (see id. ¶ 38) and "as

22

23       [2]  Subsequent to the filing of the instant motion, the City and ERI filed a stipulation,
24   which the Court approved, affording the City leave to file a Third Amended Complaint no
     later than April 30, 2010.  (See Order filed March 24, 2010.)  Accordingly, ERI's motion to
25   dismiss, and to strike portions of, the City's "Second Amended [Cross-]Complaint" ("City's
     SACC") will be denied without prejudice to ERI's renoticing the motion if the City does not
26   file an amended complaint by April 30, 2010.

27       [3] R.R. Street & Co., Inc., Multimatic LLC, The Kirrberg Corporation, and Firbimatic
     SpA are not participating in the instant motion as those defendants have not filed any
28   claims against ERI and, consequently, are not parties to the instant motion.

1   a result of ERI's activities, hazardous substances were released at the Property, thereby

2   causing contamination in, at, or around the soil and groundwater underlying the Property

3   and the surrounding soils and groundwater." (See id. ¶ 27.)  "The operation of the sewer

4   system by the City led to releases of hazardous substances, including PCE, from the City's

5   sewer system" and "resulted in contamination in, at, or around the soil and groundwater

6   underlying the Property and the surrounding soils and groundwater." (See id. at 29.)

7        The City's SACC sets forth allegations, as against ERI, that are substantially similar

8   to the above-referenced allegations by KFD.  In particular, the City alleges: "[ERI] is, and at

9   all times relevant to this complaint was, an environmental remediation company engaged in

10   contamination investigation containment and/or cleanup at the Property" and that "[a]s a

11   result of ERI's activities, hazardous substances were released at the Property, thereby

12   causing contamination at or around the soil and groundwater underlying the Property, and

13   the surrounding soils and groundwater."  (See City's SACC at ¶ 26.)[4]

14        Unocal's Third Party Complaint and Union Oil's Cross-Complaint identically allege

15   that "Union Oil contracted with ERI with respect to the investigation of environmental

16   impacts associated with the property" (see Unocal's Third Party Compl. at ¶ 12; see also

17   Union Oil's Cross-Compl. at ¶ 12), that "[a]s part of that investigation, ERI installed several

18   monitoring wells at the Property, including a well referred to as MW-5" (see id.), and that

19   "[b]y virtue of ERI's acts and/or omissions at the Property with respect to the monitoring

20   wells, Unocal and/or its subsidiary, Union Oil, may incur response costs, expenses, fees

21   and damages" (see id. ¶¶ 14).

22        Winzler & Kelly's Cross-Claim against ERI alleges no facts as to ERI.  (See Winzler

23   & Kelly's Answer at 37 ¶¶ 1-3.)

24        KFD asserts eight Claims for Relief against ERI: "Cost Recovery Pursuant to [the

25   Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42

26

27        [4] Winzler & Kelly was first named in the action by the City, and likewise is alleged to be "an environmental remediation company engaged in contamination investigation

28   containment and/or clean-up at the Property." (See City's SACC at ¶ 27.)

U.S.C. 9601 et. seq. (1980),] § 107(a)" (First Claim for Relief), Hazardous Substances Statutory Indemnity ("HSAA") (Third Claim for Relief), Equitable Indemnity (Fourth Claim for Relief), Common Law Contribution (Fifth Claim for Relief), Declaratory Relief (Sixth Claim for Relief), Continuing Private Nuisance (Seventh Claim for Relief), Continuing Public Nuisance (Eighth Claim for Relief), Continuing Public Nuisance Per Se (Ninth Claim for Relief), and Continuing Trespass (Tenth Claim for Relief).  (See KFD's SAC ¶¶ 32-44, 61-92.)  Unocal asserts three Causes of Action against ERI: Indemnity (First Cause of Action), Partial Indemnity (Second Cause of Action), and Declaratory Relief (Third Cause of Action).  (See Unocal's Third Party Compl. ¶¶ 16-26.)  Union Oil asserts three Causes of Action against ERI: Indemnity (First Cause of Action), Partial Indemnity (Second Cause of Action), and Declaratory Relief (Third Cause of Action).  (See Union Oil's Cross-Compl. ¶¶ 16-29.)  Winzler & Kelly asserts a single Cross-Claim against "All Defendants" for contribution under CERCLA § 113 as well as for common law contribution and indemnification.  (See Winzler & Kelly's Answer at 37 ¶ 2.)[5]

By the instant motion, ERI seeks dismissal of all claims asserted against it.  (See ERI's Mot. at 1:2-8, 7:2-20.)  Additionally, ERI seeks to strike certain allegations and/or prayers for relief on the ground that no party has adequately alleged facts supporting an award of punitive damages or attorney's fees.  (See ERI's Mot. at 2:6-10.)

**LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  See Fed.R.Civ.P. 12(c).  "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the

---

[5] The City's SACC alleges twelve Causes of Action against "All Defendants," including ERI.  As noted above, however, ERI's motion, to the extent it pertains to the City, is no longer before the Court.

close of the pleadings." <u>See</u> Wright & Miller, 5C <u>Federal Practice and Procedure</u> § 1367

(3rd ed. 2010); <u>see also</u> <u>Doe v. United States</u>, 419 F.3d 1058, 1061 (9th Cir. 2005) (holding

pleadings are closed for purposes of Rule 12(c) once complaint and answer are filed,

unless no counterclaim or cross-claim is made).  "Ordinarily, this means that a Rule 12(c)

motion must await the answers of all defendants."  <u>See</u> <u>Moran v. Peralta Community</u>

<u>College District</u>, 825 F.Supp. 891, 894 (N.D. Cal. 1993) (finding exception where defendant

is not served and, therefore, "motion can have no effect on them").

Here, ERI has not, to date, answered Unocal's Third Party Complaint, Union Oil's

Cross-Complaint, or Winzler & Kelly's Cross-Claim; consequently, ERI's motion for

judgment on the pleadings is premature to the extent it challenges those pleadings.  <u>See</u>

<u>Doe</u>, 419 F.3d at 1061-62; <u>see also</u> <u>New York State United Teachers v. Thompson</u>, 459

F.Supp. 677, 680 (N.D.N.Y. 1978) (holding "a Rule 12(c) motion may not be made by a

defendant until after he has answered").  Additionally, authority exists suggesting ERI's

motion for judgment on the pleadings is premature to the extent it challenges KFD's SAC,

as Firbimatic SpA and Eco-Dry have not, to date, filed answers thereto.[6]  <u>See</u>, <u>e.g.</u>, <u>Stands</u>

<u>Over Bull v. Bureau of Indian Affairs</u>, 442 F.Supp. 360, 367 (D. Mt. 1977) (finding motion for

judgment on the pleadings premature where some, but not all, defendants had answered

complaint); <u>see also</u> William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe,

California Practice Guide: Federal Civil Procedure Before Trial § 9:324 (2010).

Whether brought under Rule 12(c) or under Rule 12(b), however, ERI's motion is

subject to the same analysis.  <u>See</u> <u>Dworkin v. Hustler Magazine, Inc.</u>, 867 F.2d 1188, 1192

(9th Cir. 1989) (explaining principal difference between Rule 12(c) and Rule 12(b) motions

"is the time of filing"; noting the two motions "are functionally identical").  Indeed, the motion

cites extensively to cases decided under Rule 12(b)(6) and seeks dismissal under that rule.

Under such circumstances, the Court will exercise its discretion to treat the motion as a

---

[6] As noted, to the extent ERI challenges the City's SACC, the motion is not before the Court at this time.

5

1   motion to dismiss.  See Dale v. Executive Office of the President, 164 F.Supp.2d 22, 24

2   (D.D.C. 2001) (holding "[i]f a party files a Rule 12(c) motion before the answer, the court

3   may treat it as a motion to dismiss under Rule 12(b)(6)); Seber v. Unger, 881 F.Supp. 323,

4   325 n. 2 (N.D.Ill. 1995) ("Because [defendant's] motion essentially serves the same

5   purpose as a Rule 12(b)(6) motion, we shall adopt the common practice of treating the

6   premature Rule 12(c) motion as a Rule 12(b)(6) motion.") (citations omitted).

7       Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based

8   on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

9   cognizable legal theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

10  1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim

11  showing that the pleader is entitled to relief.'"  See Bell Atlantic Corp. v. Twombly, 550 U.S.

12  544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Consequently, "a complaint attacked by

13  a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  See id.

14  Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief

15  requires more than labels and conclusions, and a formulaic recitation of the elements of a

16  cause of action will not do."  See id. (internal quotation, citation, and alteration omitted).

17      In analyzing a motion to dismiss, a district court must accept as true all material

18  allegations in the complaint, and construe them in the light most favorable to the

19  nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  "To

20  survive a motion to dismiss, a complaint must contain sufficient factual material, accepted

21  as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct.

22  1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations must be

23  enough to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at 555.

24  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."

25  See Iqbal, 129 S. Ct. at 1950 (internal quotation and citation omitted).

26      Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any

27  material beyond the complaint.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896

28

6

F.2d 1542, 1555 n. 19 (9th Cir. 1990).  The Court may, however, consider matters that are subject to judicial notice.  See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

**DISCUSSION**

**A.    Motion to Dismiss**

**1.    KFD's Claims**

ERI's motion, as it pertains to KFD's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Claims for Relief against ERI, will be granted.  As ERI points out, KFD has failed to allege sufficient facts to support such claims.  (See ERI's Mot. at 8:22-11.)  In particular, KFD's allegations (see KFD's SAC at ¶¶ 27, 28, 38) are both conclusory and ambiguous, and none, whether alone or in combination, provides sufficient facts, either as to the nature of ERI's activities or how such activities caused the subject contamination, to state a plausible claim for relief.  Indeed, KFD's CERCLA and HSAA claims contain no factual allegations as to how ERI can be held liable as a "covered person."[7]  See Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1152 (9th Cir. 1989) (holding, to avoid dismissal, plaintiff must allege "defendants are within one of four classes of persons subject to CERCLA's liability provisions").

**2.    Unocal and Union Oil's Claims**

---

[7]  42 U.S.C. § 9607(a) identifies the following as "covered persons":

(1) the owner and operator of . . . a facility,
(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
(3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility . . . owned or operated by another party or entity and containing such hazardous substances ["arrangers"], and
(4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities . . . or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance ["transporters"]

7

1    To the extent Union Oil's First through Third Causes of Action, by which Union Oil

2  brings claims for common law indemnification and declaratory relief, are based on Union

3  Oil's liability to KFD, the motion will be denied as moot, as all of KFD's claims against ERI,

4  on which Union Oil's First through Third Causes of Action are based, are subject to

5  dismissal.  See General Motors Corp. v. Doupnik, 1 F.3d 862, 866 (9th Cir.1993) ("A right

6  to [indemnity] exists only if the injured party [ ] has a legal cause of action against both the

7  indemnitor [ ] and the indemnitee.") (emphasis omitted).

8    To the extent Unocal and Union Oil's First through Third Causes of Action for

9  common law indemnification and declaratory relief are based on said parties' liability to the

10  City, the motion will be denied as premature because the adequacy of the City's Causes of

11  Action against ERI, on which Unocal and Union Oil's Causes of Action are based, are not

12  before the Court at this time.[8]

13    **3.    Winzler & Kelly's Claims**

14    To the extent Winzler & Kelly's Cross-Claim seeks, as against ERI, either CERCLA

15  contribution or common law contribution and indemnification (see Winzler & Kelly's Answer

16  at 37 ¶ 2), ERI's motion will be granted, as Winzler & Kelly has not itself pled any facts

17  therein pertaining to ERI, nor, in the alternative, has it identified therein any other party's

18  allegations on which Winzler & Kelly's claims are based.  See Ascon Properties, 866 F.2d

19  at 1152 (holding plaintiff must allege "defendants are within one of four classes of persons

20  subject to CERCLA's liability provisions"); see also, e.g., Askanase v. Fatjo, 148 F.R.D.

21  570, 573 (S.D.Tex. 1993) (holding "cross-claims, which derive substance from the

22  complaint itself," must enable cross-defendants to "determine upon which allegations of the

23  complaint the cross-claimants are basing their claims for indemnity and contribution").

24

25    [8] Unocal and Union Oil, have not alleged CERCLA contribution claims against ERI
    (see Petroleum Defendants' Opp'n at 3:18-19; see also Unocal's Third Party Compl. at ¶¶

26  16-26; Union Oil's Cross-Compl. at ¶¶ 16-29), and, consequently, to the extent ERI seeks
    dismissal of any such claim, ERI's arguments are not addressed herein in connection with

27  Unocal and Union Oil's pleadings.

28

1  **B.      Motion to Strike**

2          "The court may strike from a pleading an insufficient defense or any redundant,

3  immaterial, impertinent, or scandalous matter."  Fed.R.Civ.P. 12(f).

4          As noted, ERI seeks to strike any claim made against ERI for punitive damages or

5  attorneys' fees.  To date, only the City has included in its pleadings a prayer for punitive

6  damages and only the City and Winzler & Kelly have included, as against ERI, a prayer for

7  attorneys' fees.  As noted, the City's SACC is not before the Court at this time, and Winzler

8  & Kelly's Cross-Claim, to the extent it is alleged against ERI, is subject to dismissal.

9          Accordingly, the motion to strike will be denied as moot.

10  **C.      Leave to Amend CERCLA Claims**

11          Where a court determines that a cause of action is subject to dismissal for failure to

12  state a claim, it "should grant leave to amend even if no request to amend the pleading was

13  made, unless it determines that the pleading could not possibly be cured by the allegation

14  of other facts."  See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) (internal

15  quotation and citation omitted).

16          Here, ERI opposes the Court's granting any party leave to amend its CERCLA

17  claims against ERI, arguing ERI's drilling of monitoring wells on the Property is insufficient

18  to bring ERI within any of the four classes of "covered persons" liable under the statute.

19  See 42 U.S.C. § 9607(a).  KFD, relying on Kaiser Aluminum & Chemical Company v.

20  Catellus, 976 F.2d 1341 (9th Cir. 1992), argues, inter alia, that ERI can be held liable under

21  CERCLA as an "operator"; in particular, KFD argues, "ERI had sufficient control over the

22  well drilling when it spread contamination to be an 'operator.'"  (See KFD's Opp'n at 7:6-7.)

23          "CERCLA generally imposes strict liability on . . . operators of facilities at which

24  hazardous substances were disposed."  See Carson Harbor Village, Ltd. v. Unocal

25  Corporation, 270 F.3d 859, 870 (2001).  Where the asserted operated is a contractor,

26  however, "'operator' liability under [CERCLA] only attaches if the [contractor] had authority

27  to control the cause of the contamination at the time the hazardous substances were

28

9

1   released into the environment."  See Kaiser, 976 F.2d at 1341.

2          Here, the record is not developed with respect to ERI's activities at the Property, or

3   as to the time at which the hazardous substances were released.  On the record presently

4   before the Court, ERI has not shown the CERCLA claims brought against ERI "could not

5   possibly be cured" by the allegation of additional facts.  See Doe, 58 F.3d at 497.[9]

6          Accordingly, the Court will grant leave to amend as to all claims dismissed herein.

7                                              **CONCLUSION**

8          For the reasons stated above, ERI's motion is hereby GRANTED in part and

9   DENIED in part as follows:

10                 1.  With respect to KFD's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth,

11  Ninth and Tenth Claims for Relief, the motion is hereby GRANTED, and such claims, to the

12  extent they are alleged against ERI, are hereby DISMISSED with leave to amend to cure

13  the above-noted deficiencies.

14                 2.  With respect to Union Oil's First through Third Causes of Action, to the

15  extent such claims are based on ERI's liability to KFD, the motion is hereby DENIED as

16  moot.

17                 3.  With respect to Unocal and Union Oil's First through Third Causes of

18  Action, to the extent such claims are based on ERI's liability to the City, the motion is

19  hereby DENIED without prejudice.

20                 4.  With respect to Winzler & Kelly's Cross-Claim, to the extent such claim is

21  alleged against ERI, the motion is hereby GRANTED, and such claim is hereby

22  DISMISSED with leave to amend to cure the above-noted deficiencies.

23                 5.  With respect to Winzler & Kelly's Cross-Claim, to extent such claim seeks

24

25          [9]  In an apparent effort to anticipate the content of future pleadings, ERI requests the
    Court take judicial notice of certain documents referencing ERI's conduct relevant to the
26  instant claims and either authored or received by KFD.  (See Request for Judicial Notice at
    3:13-17, Exs. F, G, & H.)  KFD has filed an objection thereto.  Assuming, arguendo, the
27  subject documents are judicially noticeable for the limited purpose for which they are
    offered, the Court's ruling on this issue remains unchanged.
28

                                                      10

1  an award of attorneys' fees as against ERI, the motion is hereby DENIED as moot.

2          6. With respect to any claims brought by the City against ERI, and any prayer

3  for damages or fees based thereon, the motion is hereby DENIED without prejudice to

4  ERI's renoticing the motion if the City does not file an amended complaint by April 30,

5  2010.

6          7.  To the extent KFD and Winzler & Kelly seek to amend, respectively, their

7  SAC and Cross-Claim as against ERI, any such amended pleading shall be filed no later

8  than May 14, 2010.

9          **IT IS SO ORDERED.**

10

11  Dated:  April 22, 2010

12                                                          MAXINE M. CHESNEY
                                                            United States District Judge

11