United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KFD ENTERPRISES, INC.,

    Plaintiff,

v.

CITY OF EUREKA,

    Defendant.

And Related Counterclaims, Cross-claims, and Third-Party Claims.

No. C 08-4571 MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FIRBIMATIC SPA'S MOTIONS TO DISMISS KFD'S THIRD AMENDED COMPLAINT AND CITY OF EUREKA'S THIRD AMENDED CROSS-COMPLAINT; DENYING RR STREET & CO. INC'S MOTION TO DISMISS CITY OF EUREKA'S THIRD AMENDED CROSS-COMPLAINT**

    Before the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is defendant and cross-defendant Firbimatic SpA's ("Firbimatic") Motion to Dismiss Plaintiff KFD Enterprises Inc.'s Third Amended Complaint ("TAC"), Firbimatic's Motion to Dismiss City of Eureka's Third Amended Counter-Claim and Cross-Claim ("TACC"), both filed June 14, 2010, and defendant and cross-defendant RR Street & Co. Inc.'s ("RR Street") Motion to Dismiss Portions of City of Eureka's Third Amended Counter-Claim and Cross-Claim, filed June 4, 2010. Plaintiff KFD Enterprises ("KFD") and cross-claimant City of Eureka ("City") have filed oppositions to the motions, to which Firbimatic and RR Street have replied. Having read and considered the papers filed in support of and in opposition to the

motions, the Court rules as follows.

## DISCUSSION

As noted in the concurrently-filed Order on ERI's Motion to Dismiss, the instant action was filed initially by KFD, and "aris[es] out of environmental contamination at and around 2907 E Street in Eureka, California" (the "Property"), where KFD "has owned and operated a dry cleaning business." (TAC ¶¶ 1, 19). In its TAC, KFD alleges claims against, inter alia, eight manufacturers of dry cleaning equipment "used by [KFD] on the Property" (hereafter, "Manufacturer Defendants"), alleging the "dry cleaning equipment was specifically designed to store, use, process, arrange for disposal, and dispose of PCE."[1] (TAC ¶ 24.) KFD alleges "[s]aid Manufacturer Defendants represented, asserted, claimed and warranted to [p]laintiff that their products were safe and could be operated without causing injury or damage," and that said Manufacturer Defendants "knew, or should have known, that their product, when operated as intended, caused contamination of the environment." (Id.) KFD further alleges the "Manufacturer Defendants are past and current arrangers of prior and ongoing disposal and release of hazardous substances into the soil, groundwater, and environment at the Property" and that the "Manufacturer Defendants are liable for the contamination pursuant to 42 U.S.C. § 9607(a)." (TAC ¶ 37.)

The City's TACC includes, as against Firbimatic and RR Street, allegations that are substantially the same as the above-referenced allegations by KFD. (See TACC ¶ 25.) Additionally, the City alleges the Manufacturer Defendants "did not provide proper warnings and/or directions for use of their equipment, which resulted in KFD disposing of PCE solvent wastes improperly and in a manner proximately causing environmental

---

[1] The eight Manufacturing Defendants are Multimatic Dry Cleaning Machine Corporation and Multimatic LLC ("Multimatic"), SATEC Maschinenbau GmbH ("SATEC"), SECO Maschinenbau GmbH & Co. ("SECO"), the Kirrberg Corporation ("Kirrberg"), RR Street, Firbimatic, and Eco Dry of America, Inc. ("Eco Dry"). (TAC ¶¶ 11-18.) On July 23, 2010, KFD voluntarily dismissed both SATEC and SECO from the instant action without prejudice, and on September 15, 2010, KFD dismissed Eco Dry without prejudice. RR Street, Multimatic, and Kirrberg have filed answers to KFD's TAC.

contamination."[2]  (Id.)

KFD asserts the following Claims for Relief against Firbimatic: (1) "Cost Recovery Pursuant to CERCLA § 107(a)" (First Claim for Relief); (2) "Hazardous Substances Statutory Indemnity" ("HSAA") (Third Claim for Relief); (3) Equitable Indemnity (Fourth Claim for Relief); (4) "Common Law Contribution" (Fifth Claim for Relief); (5) "Declaratory Relief" (Sixth Claim for Relief); (6) "Continuing Private Nuisance" (Seventh Claim for Relief); (7) "Continuing Public Nuisance" (Eighth Claim for Relief); (8) "Continuing Public Nuisance Per Se" (Ninth Claim for Relief); (9) "Continuing Trespass" (Tenth Claim for Relief; (10) "Strict Liability" (Twelfth Claim for Relief); and (11) "Negligence" (Thirteenth Claim for Relief).  (See KFD's TAC ¶¶ 32-44, 61-92, 98-113).  The City asserts the following Claims for Relief against Firbimatic and RR Street: (1) "Strict Liability Under State Law" (Thirteenth Claim for Relief); (2) "Negligence" (Fourteenth Claim for Relief); (3) Equitable Indemnity (Fifteenth Claim for Relief); (4) "Contribution" (Sixteenth Claim for Relief); and (5) "Declaratory Relief Under State Law" (Seventeenth Claim for Relief).  (See City's TACC ¶¶ 115-150.)

By the instant motions, Firbimatic seeks dismissal of all claims asserted against it by KFD and the City.  RR Street seeks dismissal of the City's Thirteenth and Fourteenth Claims for Relief only.[3]

**I.    Firbimatic's Motions to Dismiss**

    **A.    KFD's TAC**

Firbimatic's motion, as it pertains to KFD's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, and Thirteenth Claims for Relief is well-taken.  As Firbimatic points out, KFD has failed to allege sufficient facts to support such claims.  (See

---

[2] With the exception of SATEC and SECO, the City sued the same dry cleaning equipment manufacturers as KFD.  (See TACC ¶¶ 11-16.)  On September 15, 2010, the City dismissed Eco Dry without prejudice.  Multimatic and Kirrberg have filed answers to the City's TACC.

[3] RR Street answered KFD's TAC on May 24, 2010, and has not filed a motion to dismiss KFD's claims against it.

Firbimatic's Mot. to Dismiss KFD's TAC at 4:10 - 5:4.)  In particular, KFD's allegations (see TAC ¶¶ 24, 37, 64) are conclusory, and none, whether alone or in combination, provides sufficient facts, either as to the nature of Firbimatic's activities or how such activities caused the subject contamination, to state a plausible claim for relief.  Indeed, KFD's CERCLA and HSAA claims contain no factual allegations as to how Firbimatic can be held liable as a "covered person."[4]  See Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1152 (9th Cir. 1989) (holding, to avoid dismissal, plaintiff must allege "defendants are within one of four classes of persons subject to CERCLA's liability provisions").  Further, as Firbmimatic notes, the TAC does not identify the equipment that Firbimatic manufactured or the time period in which KFD used that equipment.  (See Firbimatic's Mot. to Dismiss KFD's TAC at 2:3-6.)  KFD requests, if the Court finds the TAC deficient, leave to amend to add allegations as to the specific Firibimatic dry cleaning model used at KFD's dry cleaning business and the frequency and years of its use, as well as allegations as to instructions contained in said model's manual pertaining to the disposal of PCE-contaminated water.  (See KFD's Opp. at 11:3-19.)  KFD also states it is prepared to allege additional facts as to how Firbimatic's acts caused physical injury to the Property.  (See id. at 16:19-28.)

       Accordingly, Firbimatic's motion to dismiss, as against Firbimatic, KFD's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth and Thirteenth Claims for Relief will be granted.

---

[4] 42 U.S.C. § 9607(a) identifies the following as PRPs:

>  (1) the owner and operator of . . . a facility,
>  (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>  (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility . . . owned or operated by another party or entity and containing such hazardous substances, and
>  (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities . . . or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance[.]

### B. City of Eureka's TACC

In its Thirteenth and Fourteenth Claims for Relief, setting forth, respectively, causes of action for strict liability and negligence, the City alleges Firbimatic's liability to the City for harm Firbimatic assertedly caused to the City. (See, e.g., TACC ¶¶ 124-126, 129, 139). In response to Firbimatic's motion, however, the City states it is not bringing any such direct claims, but, rather, is proceeding on contribution, indemnity and declaratory relief claims as against Firbimatic and RR Street. (See City's Opp. to Firbimatic & RR Street's Motions at 1:2-6 (stating: [Firbimatic and RR Street] . . . are operating under the assumption that . . . [the] City of Eureka seeks affirmative relief in its cross-claim. It does not. The City seeks only an apportionment of fault to [Firbimatic and RR Street] under claims of indemnity, contribution and declaratory relief"); id. at 3:1-5 (further stating: "[T]he City of Eureka requests contingent relief only. If the City is found liable to KFD or any other co-party, then the City is entitled to be indemnified . . . or . . . is entitled to contribution from the cross-defendants.").)

Nonetheless, as against Firbimatic, the City's claims fail. In particular, the City's Fifteenth through Seventeenth Claims for Relief, by which the City asserts, respectively, causes of action for common law indemnity, contribution, and declaratory relief, are based on the City's liability to KFD, and, as discussed above, all of KFD's claims against Firbimatic, on which the City's Fifteenth through Seventeenth Claims for Relief are based (compare KFD's TAC ¶ 24 with City's TACC ¶ 25; see id. ¶ 39), are subject to dismissal. Consequently, Firbimatic is entitled to dismissal of the City's claims as well. See General Motors Corp. v. Doupnik, 1 F.3d 862, 866 (9th Cir.1993) ("A right to [indemnity] exists only if the injured party [ ] has a legal cause of action against both the indemnitor [ ] and the indemnitee.") (emphasis omitted).

Accordingly, Firbimatic's motion to dismiss the City's Thirteenth through Seventeenth Claims for Relief will be granted.

### II. RR Street's Motion to Dismiss the City's TACC

As discussed above, the City's allegations in its Thirteenth and Fourteenth Claims

for Relief are made solely as support for its indemnity, contribution, and declaratory relief claims. (See City's Opp. to Firbimatic & RR Street's Motions at 1:2-6, 3:15.)  RR Street does not move to dismiss the City's contribution, indemnity and declaratory relief claims.

Accordingly, RR Street's motion to dismiss, as it pertains to the City's Thirteenth and Fourteenth Claims for Relief against RR Street, will be denied.

### III. Leave to Amend

Firbimatic opposes granting KFD leave to amend, on the asserted ground such "proposed amendment would both cause undue delay and be futile." (See Firbimatic's Reply to KFD's Opp. at 14:16.)  In particular, Firbimatic, argues, "the relevant instruction in that manual, consistent with which KFD exercised the choice whether to dispose of waste into the sewer or instead to dispose of it (safely) into some other vessel . . ., contradicts all of the other allegations that KFD proposes." (Id. at 14:10-13.)  As KFD notes, however, Firbimatic "has been a party [to the instant action] for fewer than nine months" (KFD's Opp. at 12:6), and the Court has not previously considered any Manufacturer Defendant's challenge to the sufficiency of KFD's allegations (id. at 12:2-4).  Moreover, the record is not developed with respect to Firbimatic's activities at the Property, or as to the time at which the hazardous substances were released.  In sum, on the record presently before the Court, Firbimatic has not shown the claims brought against Firbimatic "could not possibly be cured" by the allegation of additional facts.  See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation and citation omitted).

Accordingly, the Court will afford KFD an opportunity to amend to cure the above-noted deficiencies,[5] and, for similar reasons, the Court will afford the City an opportunity to amend.

In a footnote to its opposition to Firbimatic's motion, KFD requests "leave to amend with respect to all manufacturer defendants to avoid similar motions from similarly situated parties" (see KFD's Opp. at 11 n.5).  Such request will be denied.  At the outset, the Court

---

[5] The Court makes no finding herein with respect to the sufficiency of KFD's proposed factual allegations.

6

notes, any such amendment is unnecessary because the remaining Manufacturing Defendants have answered KFD's TAC, and, further, those defendants have not been given sufficient notice of such request. See Civil Local Rule 7-1(a) (providing means by which "[a]ny request to the Court for an order must be presented"). The Court's denial of such request is, however, without prejudice to KFD's filing a noticed motion or stipulation. See id.

## CONCLUSION

For the reasons stated above, Firbimatic's motions are hereby GRANTED in part and DENIED in part as follows:

1. With respect to KFD's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, and Thirteenth Claims for Relief, Firbimatic's motion to dismiss is hereby GRANTED, with leave to amend to cure the above-noted deficiencies.

2. With respect to the City's Thirteenth through Seventeenth Claims for Relief, Firbimatic's motion to dismiss is hereby GRANTED, with leave to amend to cure the above-noted deficiencies.

3. With respect to the City's Thirteenth and Fourteenth Claims for Relief, RR Street's motion to dismiss DENIED.

4. To the extent KFD and the City elect to amend their respective pleadings as to Firbimatic, any such amended pleading shall be filed in accordance with the above and no later than December 10, 2010; to the extent KFD requests leave to amend as to the Manufacturing Defendants that have answered the TAC, such request is denied without prejudice to KFD's filing a noticed motion or stipulation seeking such amendment.

**IT IS SO ORDERED.**

Dated: November 12, 2010

MAXINE M. CHESNEY
United States District Judge