MORIS DAVIDOVITZ, ESQ. (State Bar #70581)
Mdavidovitz@dblawsf.com
CHARLES H. BOLCOM, ESQ. (State Bar #193762)
Cbolcom@dblawsf.com
STACEY ALTON, ESQ. (State Bar #221515)
Salton@dblawsf.com
DAVIDOVITZ & BENNETT LLP
One Embarcadero Center, Suite 750
San Francisco, California 94111
Telephone: (415) 956-4800
Facsimile: (415) 788-5948

Attorneys for Defendant, Counter-Claimant and Cross-Claimant CITY OF EUREKA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFD ENTERPRISES, INC., a California Corporation dba Norman's Dry Cleaner,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF EUREKA,<br><br>    Defendant.<br><br>And related counter and cross claims. | CASE NO. CV-08-04571 MMC<br><br>**STIPULATION AND** ~~PROPOSED~~ **PROTECTIVE ORDER FOR KFD ENTERPRISES, INC.'S DOCUMENT PRODUCTION PURSUANT TO THE COURT'S NOVEMBER 12, 2010 ORDER** |

1.  With respect to KFD ENTERPRISES, INC. ("KFD") production of documents pursuant to the Court's November 12, 2010, Order (Dkt.#334) and Order Denying Objection to Magistrate Judge Larson's Order Granting City of Eureka's Motion to Compel (Dkt. #351), the parties hereby stipulate and the Court orders that KFD's documents be produced, shall be confidential and not be disclosed for public view and shall only be disclosed to:

    A.   The persons currently parties in this action;

    B.   Counsel of record and other counsel for the parties, counsel's employees, and litigation contractors and agents;

    C.   Outside experts and consultants for the parties including stenographic and

1 clerical personnel regularly employed by them, whose advice and consultation are being or will

2 be used by such party or its attorney in connection with preparation for depositions or trial of this

3 action, including any motions in this action;

4       D.      The Court (including court reporters, other court personnel or jurors);

5 and

6       E.      Any other person also whom the producing party agrees in writing (or as

7 provided for in Paragraph 2, set forth below.)

8     2.    If counsel for a party receiving KFD's documents produced pursuant to the

9 Court's November 12, 2010 Order (Dkt. #334), desires to disclose it to any person other than

10 those set forth above, such counsel shall give at least 30 days written notice to counsel for KFD.

11 Such written notice shall specify the information counsel wishes to disclose and the identity of

12 each person or categories of persons to whom such disclosure is sought to be made.  In that

13 event, the parties shall attempt to resolve the request in good faith on an expedited and informal

14 basis.  If the request cannot be expeditiously and informally resolved, the requesting party may

15 move for an order of this Court permitting the disclosure of such material to such person.

16     3.    Inadvertent production of any document subject to this Protective Order will not

17 negate the confidentiality afforded by this Protective Order.  Disclosure of any document subject

18 to this Protective Order by any party prior to the execution of this Protective Order will not be

19 deemed a violation of this Protective Order, however, KFD must be notified of any such

20 disclosure within 10 days of execution of this Protective Order. Such notice must be written and

21 specify to whom and when such disclosure was made.

22     4.    Throughout and after the conclusion of this litigation including any appeals, the

23 restrictions on disclosure provided herein shall continue to be binding upon the parties and all

24 other persons to whom KFD's documents produced pursuant to the November 12, 2010 Order

25 (Dkt. #334) have been disclosed pursuant to the provisions of this Protective Order or any other

26 order of this Court.

27     5.    Nothing in this Protective Order shall prevent either party from seeking

28 amendments or otherwise modifying this Protective Order, and this Protective Order may be

amended or modified without leave of court by the agreement of the undersigned attorneys for the parties in the form of a stipulation that shall be filed in this case.

6. Nothing herein shall be construed to preclude a party who has received KFD's document production pursuant to this Protective Order from producing such materials in response to a valid subpoena issued by a court or agency or competent jurisdiction in connection with any other action, but said production may only be made after providing at least 30 days notice to KFD, or upon court order.

7. Nothing shall prevent disclosure beyond the terms of this Protective Order if KFD consents to such disclosure, or if the Court, after at least 30 days notice to all affected parties, orders such disclosure.

8. This Protective Order shall not be construed as a waiver by the parties of any objection which might be raised as to the admissibility of any evidentiary material. This Protective Order shall be without prejudice to the rights of any party to oppose production of any information for lack of relevance or for any other ground.

9. After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents which the Court determines the public or others have a right of access. This Court retains and shall have jurisdiction over the parties, their attorneys of record, and all recipients of KFD's documents produced pursuant to the Court's November 12, 2010 Order for enforcement of the provisions of this Protective Order following termination of this action.

10. Documents produced pursuant to the Court's November 12, 2010 and December 2, 2010 Orders will be designated as "Confidential Materials-Subject to Protective Order." Documents so designated shall be used for the preparation of, trial of or appeal of this lawsuit and for no other purpose.

11. In the event any documents subject to this Protective Order are entered into evidence as exhibits at deposition, trial or otherwise (including use in pleadings, motions, briefs and other papers filed with the court), their use shall be bound by the terms of this Protective Order, and to the extent that a protected document is filed with the court, the filing party shall

1 | request the court to file any pleading or exhibit under seal.  KFD's counsel may request the court
2 | to designate that a portion of a deposition or court transcript contains documents or reference to
3 | protected documents to the extent that the parties are unable to otherwise stipulate to such
4 | designation, and may further request that only those individuals identified Paragraph 1of this
5 | Protective Order shall be present at the deposition or hearing. Documents subject to this
6 | Protective Order shall be designated confidential on the record at deposition or hearing.

7 |     12.    Counsel for all parties shall keep all material subject to this Protective Order
8 | within their exclusive possession and control, except as provided herein, and shall keep said
9 | material in a secure location.

10 |     13.    Within sixty days following the termination of this action, including any appeal
11 | after judgment, all material subject to this Protective Order, including any copies shall be
12 | returned to counsel for KFD or destroyed.  At KFD's request, a party choosing to destroy the
13 | material must provide written confirmation to KFD that said materials were destroyed.

14 | IT IS SO STIPULATED AND APPROVED.

15 | DATED: January 12, 2011                      DAVIDOVITZ & BENNETT LLP

By: /s/Stacey Alton
   Moris Davidovitz, Esq.
   Charles Bolcom, Esq.
   Stacey Alton, Esq.
   Attorneys for CITY OF EUREKA

(The filer hereby attests that concurrence
in the filing of this document has been
obtained from the signatories below.)

22 | DATED: January 12, 2011                      GREBEN & ASSOCIATES

By: /s/Danielle De Smeth
   Jan Adam Greben, Esq.
   Danielle De Smeth, Esq.
   Attorneys for Plaintiff KFD Enterprises,
   Inc. dba Norman's Dry Cleaner and
   Kenneth Daer

[PROPOSED] PROTECTIVE ORDER, Case No. CV-08-4571 MMC

4

| | | |
|---|---|---|
| 1 | DATED: January 12, 2011 | GORDON & REES LLP |
| 2 | | |
| 3 | | By: /s/George A. Acero<br>George A. Acero, Esq.<br>Attorneys for Environmental |
| 4 | | Resolutions, Inc. |
| 5 | DATED: January ___, 2011 | GLYNN & FINLEY, LLP |
| 6 | | |
| 7 | | By:_____<br>Andrew T. Mortl, Esq.<br>Patricia L. Bonheyo, Esq. |
| 8 | | Attorney for Third-Party Defendant<br>Unocal Corporation, Union Oil |
| 9 | | Company of California, Chevron<br>Corporation |
| 10 | | |
| 11 | DATED: January 12, 2011 | SEVERSON & WERSON |
| 12 | | |
| 13 | | By: /s/Peter Lyon<br>Peter Lyon, Esq.<br>Attorneys for Third-Party Defendant |
| 14 | | Winzler & Kelly |
| 15 | DATED: January 12, 2011 | DONGELL LAWRENCE FINNEY<br>LLP |
| 16 | | |
| 17 | | By: /s/Ian Paul Culver<br>Ian Paul Culver, Esq.<br>Attorneys for Multimatic LLC, |
| 18 | | Multimatic Dry Cleaning machine |
| 19 | | Corporation, The Kirrberg Corporation |
| 20 | DATED: January 12, 2011 | HICKS THOMAS LLP |
| 21 | | |
| 22 | | By: /s/Eric Grant<br>Eric Grant, Esq.<br>Attorneys for R.R. Street & Co., Inc. |
| 23 | | and Firbimatic SpA |
| 24 | | |
| 25 | **PURSUANT TO STIPULATION, IT IS SO ORDERED.** | |
| 26 | | |
| 27 | DATED: ___January 13___, 2011 | _/s/ James Larson_____<br>JAMES LARSON |
| 28 | | United States Magistrate Judge |

[PROPOSED] PROTECTIVE ORDER, Case No. CV-08-4571 MMC

5

```
1  DATED: January ___, 2011                    GORDON & REES LLP
2
3                                              By: _____
                                                   George A. Acero, Esq.
4                                                  Attorneys for Environmental
                                                   Resolutions, Inc.
5  DATED: January 7, 2011                      GLYNN & FINLEY, LLP
6
7                                              By: _____
                                                   Andrew T. Mortl, Esq.
8                                                  Patricia L. Bonheyo, Esq.
                                                   Attorney for Third-Party Defendants
9                                                  Unocal Corporation, Union Oil
                                                   Company of California, Chevron Corporation
10 DATED: January ___, 2011                    SEVERSON & WERSON
11
12                                             By: _____
                                                   Peter Lyon, Esq.
13                                                 Attorneys for Third-Party Defendant
                                                   Winzler & Kelly
14 DATED: January ___, 2011                    DONGELL LAWRENCE FINNEY
                                               LLP
15
16                                             By: _____
                                                   Ian Paul Culver, Esq.
17                                                 Attorneys for Multimatic LLC,
                                                   Multimatic Dry Cleaning machine
18                                                 Corporation, The Kirrberg Corporation
19 DATED: January ___, 2011                    HICKS THOMAS LLP
20
21                                             By: _____
                                                   Eric Grant, Esq.
22                                                 Attorneys for R.R. Street & Co., Inc.,
                                                   Eco Dry of America and Firbimatic Spa
23
24 PURSUANT TO STIPULATION, IT IS SO ORDERED.
25
26 DATED: _____, 2011
                                               _____
27                                             JAMES LARSON
                                               United States Magistrate Judge
28
```

[PROPOSED] PROTECTIVE ORDER, Case No. CV-08-4571 MMC

5