United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFD ENTERPRISES, INC., a California Corporation dba Norman's Dry Cleaners,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF EUREKA, et al.,<br><br>　　　　Defendants / | No. C-08-4571 MMC<br><br>**ORDER GRANTING KFD ENTERPRISES, INC.'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; VACATING HEARING** |

　　Before the Court is KFD Enterprises, Inc.'s ("KFD") "Motion for Leave to File Fourth Amended Complaint," filed December 10, 2010.[1] Defendants and Cross-Defendants Multimatic LLC and the Kirrberg Corporation (collectively, "Multimatic") have filed opposition, to which KFD has replied.[2] Having read and considered the papers filed in support of and in opposition to the motion, the Court VACATES the hearing scheduled for January 28, 2011 and hereby rules as follows.

　　On November 12, 2011, the Court granted in part defendant and cross-defendant Firmbimatic SpA's motion to dismiss KFD's Third Amended Complaint ("TAC"). (See Order Grant. in Part and Den. in Par Def. Firbimatic SpA's Mot. to Dismiss KFD's Third Am.

---

[1] By order filed November 22, 2010, the Court denied KFD's earlier motion for leave to file a "Fourth Amended Complaint," which motion was made during the time motions to dismiss KFD's Third Amended Complaint were pending. (See Order Den. Pl.'s Mot. for Leave to File Fourth Am. Compl.)

[2] Defendants R.R. Street & Co. Inc. and Firbimatic SpA have filed a statement non-opposition to KFD's motion.

1  Compl.)  Said order provided that, "to the extent KFD requests leave to amend as to the
2  Manufacturing Defendants that have answered the TAC, such request is denied without
3  prejudice to KFD's filing a noticed motion or stipulation seeking such amendment."  (See id.
4  at 7.)  By the instant motion, KFD seeks leave to amend its pleading by, inter alia, including
5  additional factual allegations against Multimatic, a Manufacturing Defendant.  (See id. at 2
6  n.1.)  Multimatic opposes the amendment on the ground that KFD has failed to explain why
7  it did not plead the new allegations earlier and requests the Court find bad faith or undue
8  delay on behalf of KFD.

9  Where a party seeks to amend its pleading, "courts should freely give leave when
10 justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Five factors are frequently used to assess
11 the propriety of a motion for leave to amend:  (1) bad faith, (2) undue delay, (3) prejudice to
12 the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously
13 amended his complaint."  Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).
14 The factors, however, "are not of equal weight[;] [s]pecifically, . . . delay alone no matter
15 how lengthy is an insufficient ground for denial of leave to amend."  U.S. v. Webb, 655 F.2d
16 977, 980 (9th Cir. 1981).  The party opposing the motion for leave to amend bears the
17 burden of demonstrating that a "substantial reason exists to deny leave to amend."  Shipner
18 v. Eastern Air Lines, 868 F.2d 401, 407 (11th Cir. 1989).

19 Here, Multimatic has failed to show the amendment is proposed in bad faith, nor
20 does the record contain evidence to support such a finding.  Further, there is no assertion
21 of prejudice by reason of any delay.  Indeed, discovery is ongoing and no trial date has
22 been set.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987) (allowing
23 amendment where case "still at the discovery stage with no trial date pending").  Lastly, as
24 noted above, delay alone does not warrant denial of the requested relief.

25 Accordingly, KFD's motion is hereby GRANTED.

26 **IT IS SO ORDERED.**

27 Dated: January 20, 2010

MAXINE M. CHESNEY
United States District Judge

2