**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFD ENTERPRISES, INC., a California Corporation dba Norman's Dry Cleaners,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF EUREKA,<br><br>Defendant | No. C-08-4571 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT** |

Before the Court is plaintiff KFD Enterprises Inc's ("KFD") "Motion for Leave to File Fifth Amended Complaint," filed February 18, 2011.[1] Defendants the City of Eureka ("the City"), Environmental Resolutions Inc. ("ERI"), Firbimatic SpA ("Firbimatic"), and R.R. Street & Co., Inc. ("RR Street") have filed opposition, to which KFD has replied. Defendants Multimatic LLC and the Kirrberg Corporation have filed a joint statement of non-opposition. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

---

[1] The motion was filed on behalf of both KFD and "Third Party Defendant Kenneth Daer" (see Mot. at 1:26-27) but seeks to amend a pleading filed by KFD; the Court refers herein to the moving party as KFD.

[2] On March 29, 2011, the Court took the matter under submission and vacated the hearing scheduled for April 1, 2011.

## BACKGROUND

The instant action, filed October 1, 2008 by KFD, "aris[es] out of environmental contamination at and around 2907 E Street, in Eureka California" ("the Property"), at which location KFD operates a dry cleaner. (See Fourth Amended Complaint ¶¶ 1, 17.) By the instant motion, KFD seeks leave to amend its pleading to add Kenneth Daer ("Daer") as a plaintiff "due to his status as an owner of the Property" (see Mot. at 3:5) from "on or about 1980" (see Mot. Ex. 1 at 3:27).

## LEGAL STANDARD

A party seeking a second or successive amendment "may amend its pleading only with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. 15(a). Generally, Rule 15 provides a "liberal amendment policy," under which "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992). An amendment sought after a deadline imposed by a scheduling order, however, may be made only upon a showing of "good cause." See id. at 609. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." See Johnson, 975 F.2d 609. Where "the party seeking the extension" demonstrates the pretrial schedule "cannot reasonably be met despite the diligence of [such] party," the district court "may modify the pretrial schedule." See id.[3]

## DISCUSSION

On March 13, 2009, at the initial case management conference, the Court entered a scheduling order setting June 12, 2009 as the deadline for any party to move to amend its

---

[3] Here, KFD did not move for a modification but only for leave to amend. In Johnson, the Ninth Circuit held a district court may deny as untimely a motion to amend the pleadings made after a scheduling order deadline has passed. See 975 F.2d at 609. Nevertheless, the Court will consider KFD's motion as including a request to modify the scheduling order, and will decide the motion on its merits.

pleadings.[4]  Thereafter, on June 12, 2009, KFD filed a motion for leave to file a First Amended Complaint, which motion was granted.  KFD subsequently has sought and been granted leave to file three additional amended complaints.[5]  Each such amendment has resulted in additional amended answers and counterclaims, as well as motions to dismiss and strike.  Now, more than two years from the date this action was filed, the pleadings have yet to close, and four motions to dismiss KFD's Fourth Amended Complaint currently are pending before the Court.

As noted above, the instant motion is brought for the sole purpose of "add[ing] Kenneth Daer as a [p]laintiff due to his status as the owner of the Property." (See Mot. at 3:5.)  As KFD essentially concedes in its proposed Fifth Amended Complaint, however, such fact is not newly discovered, as KFD and Daer have known of Daer's ownership for at least three decades (see Mot. Ex. A ¶ 17); as KFD further concedes, Daer "is already a party to this lawsuit" (see KFD Reply to Firbimatic at 3:2) and, indeed, Daer has continuously been a party since the City named him as a third-party defendant on June 12, 2009.

KFD explains its newfound interest in adding Daer as a plaintiff as follows:  "Counsel for the City and for [RR] Street and Firbimatic informed KFD in early 2011 that they may move to dismiss certain claims brought against them because KFD, despite being named a responsible party by the Regional Water Quality Control Board, is not the owner of the Property." (See KFD Reply to Firbimatic and RR Street at 2:27-3:1; KFD Reply to the City at 3:5-8.)  KFD has had notice of the possible relevance of property ownership, however, since at least June 14, 2010, when Firbimatic moved to dismiss KFD's strict liability and negligence claims on the ground, inter alia, that "KFD does not clearly allege that it actually

---

[4] On August 6, 2010, the Court extended the deadline for filing amended pleadings to October 15, 2010.

[5] The instant motion represents KFD's sixth motion for leave to amend its pleadings, as KFD filed two separate motions for leave to file a Fourth Amended Complaint, the first of which was denied for the reason that the proposed pleading suffered from "some of the same deficiencies" the Court had found in KFD's Third Amended Complaint. (See Order Denying Pl.s' Mot for Leave to file Fourth Amended Complaint, filed Nov. 22, 2010.)

owns any soil or groundwater" at the Property, and thus lacked standing to assert such claims.  (See Firbimatic Mot. to Dismiss KFD's Third Am. Compl. at 20:3, filed June 14, 2010.)

In sum, KFD has been aware of the factual predicate for the instant motion for decades, and, for over seven months prior to the filing of said motion, has been aware that certain of the parties were asserting such fact to be a necessary element of certain of KFD's claims.  In short, KFD has failed to show good cause for its belated request to file yet another amended complaint.  See Johnson, 975 F.2d at 609-10 (finding plaintiff "failed to demonstrate good cause for his belated motion to amend" where plaintiff "fail[ed] to heed clear and repeated signals that not all necessary parties has been named in the complaint").

Moreover, KFD's motion raises serious concerns as to prejudice.  The case has been pending for two and a half years.  There are numerous parties to the action.[6]  Numerous motions have been filed and heard with respect to the pleadings alone.  The defendants have a right to have the claims against them heard and not hanging over their heads with no end in sight.  Allowing unending amendments, with the motions to dismiss and strike, which inevitably follow, prevents that day from approaching let alone arriving.  Simply put, at some point, the pleadings must close.

## CONCLUSION

For the reasons stated above, KFD's "Motion to File Fifth Amended Complaint" is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 22, 2011

_____
MAXINE M. CHESNEY
United States District Judge

---

[6] Including KFD and Daer, the action currently encompasses fourteen parties.

4