IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFD ENTERPRISES, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF EUREKA,<br><br>　　　　Defendant.<br>――――――――――――――――――――/<br>And Related Counterclaims, Cross-claims,<br>and Third-Party Claims.<br>――――――――――――――――――――/ | No. C 08-4571 MMC<br><br>**ORDER DENYING ENVIRONMENTAL RESOLUTIONS, INC.'S MOTION TO DISMISS KFD'S FOURTH AMENDED COMPLAINT; DENYING WITHOUT PREJUDICE ENVIRONMENTAL RESOLUTIONS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE CITY OF EUREKA'S FOURTH AMENDED COUNTER-CLAIM AND CROSS-CLAIM** |

　　　　Before the Court is defendant, third-party defendant and cross-defendant Environmental Resolutions, Inc.'s ("ERI") motion, filed February 18, 2011, to dismiss plaintiff's Fourth Amended Complaint ("4AC").[1] Plaintiff KFD Enterprises ("KFD") has filed opposition to the motion, to which ERI has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

　　　　1. ERI's motion to dismiss the 4AC's First and Third Claims for Relief to the extent

---

[1] By the same motion, ERI moves for judgment on the pleadings with respect to the City of Eureka's Fourth Amended Counter-Claim and Cross-Claim. As the pleadings have not yet closed, ERI's motion, to the extent it seeks such judgment, is hereby DENIED as premature, see Fed. R. Civ. P. 12(c), without prejudice to ERI's refiling such motion once the pleadings are closed.

[2] By order filed March 29, 2011, the Court vacated the hearing scheduled for April 1, 2011.

such claims allege ownership liability as defined, respectively, under the Comprehensive Environmental Response and Compensation Act ("CERCLA") and California's Hazardous Substance Account Act ("HSAA"), is hereby DENIED as moot, for the reason that KFD does not allege ERI is liable as an "owner" under either CERCLA or the HSAA. (See 4AC ¶ 39 (alleging "ERI is subject to CERCLA liability as an 'operator' of a facility"); see also KFD Opp. at 5:18-19 (stating "KFD has not alleged that ERI is an 'Owner' in its [4AC]").)

2. ERI's motion to dismiss the 4AC's First and Third Claims for Relief to the extent such claims are based on ERI's liability as an "operator" of the subject property, likewise is DENIED as moot, for the reason that KFD does not allege ERI is an operator of said property under either CERCLA or the HSAA, but rather that ERI is liable as an operator of one or more monitoring wells located thereon (see, e.g., 4AC ¶ 39 (alleging "ERI's drilling and construction of monitoring wells from 2000 through 2002 resulted in the release and spread of contamination"); KFD Opp. at 5:12-13 (stating "KFD's allegations that ERI is an operator of a facility are proper by virtue of mishandling its wells")); for purposes of the instant motion, ERI does not challenge the adequacy of such allegations (see Mot. at 14:12-13).

3. ERI's motion to dismiss the 4AC's Fifth Claim for Relief, alleging a common law cause of action for contribution, is hereby DENIED. Contrary to ERI's assertion, KFD has alleged it has incurred costs. (See, e.g., 4AC ¶ 41 (alleging KFD "has incurred, and will continue to incur, necessary response costs, including costs of investigation, removal and/or remedial action"). Further, contrary to ERI's assertion, such claim adequately alleges KFD has paid more than its share. (See 4AC ¶ 72 (disclaiming liability for any portion of costs incurred)); see also Cal. Civ. Code § 1432 (providing "[a] party to a joint, or joint and several obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him").

**IT IS SO ORDERED.**

Dated: April 28, 2011

MAXINE M. CHESNEY
United States District Judge

2