IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFD ENTERPRISES, INC., | No. C 08-4571 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART CROSS-CLAIMANT EUREKA'S MOTION TO DISMISS KFD'S FOURTH AMENDED COMPLAINT** |
| v. | |
| CITY OF EUREKA, | |
| Defendant. / | |
| And Related Counterclaims, Cross-claims, and Third-Party Claims. / | |

Before the Court is defendant and cross-claimant City of Eureka's ("the City") motion, filed February 18, 2011, to dismiss plaintiff KFD Enterprises Inc.'s Fourth Amended Complaint ("4AC"). Plaintiff KFD Enterprises ("KFD") has filed opposition to the motion, to which the City has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**1. Article III Standing**

The City's motion to dismiss the 4AC in its entirety on the ground that KFD lacks Article III standing is hereby DENIED.

---

[1] On March 29, 2011, the Court took the matter under submission and vacated the hearing scheduled for April 1, 2011.

The City cites no authority for its argument that property ownership is a prerequisite for alleging an "injury in fact," see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (listing "injury in fact" as one of "three elements" of standing"), and to the extent such authority exists, it is contrary to the position taken by the City, see e.g., U.S. v. Atl. Research Corp., 551 U.S. 128, 136 (2007) (interpreting CERCLA to allow suit by "all persons likely to incur cleanup costs"); Venuto v. Owens-Corning Fiberglas Corp., 22 Cal. App. 3d 116, 126 (Cal. Ct. App. 1971) (holding "lessee under a long term lease of premises" possesses "sufficient property right" to support private and, thus also, public nuisance claims).

**2. RCRA Claim**

The City's motion to dismiss the 4AC's Second Claim for Relief on the grounds that KFD's amended Federal Resource Conservation and Recovery Act ("RCRA") notice was insufficient and that KFD has failed to plead sufficient facts in support of its RCRA claim is hereby DENIED.

**a. Notice**

A RCRA notice is sufficient if it provides "'sufficient information to permit the recipient to identify' the alleged violations and bring itself into compliance." See Waterkeepers No. Cal. v. AG Indus. Mfg., Inc., 375 F.3d 913, 916 (9th Cir. 2004); San Francisco BayKeeper, Inc. v. Tosco Corp., 309 F.3d 1153, 1158 (9th Cir. 2002) (holding notice "require[s] no more than reasonable specificity"). Here, KFD's notice identified the specific segment of the sewer that, according to KFD, is leaking pollutants, as well as the means by which such pollution assertedly is occurring and the effects thereof. (See 4AC Ex. D at 2-3 (stating "City's sewer main and laterals along E and Grotto Streets" leaking through "breaks, cracks, defective joints, and sags"; setting forth size and concentration of PCE "plume of contamination" resulting therefrom)). Although the notice does not specify a particular date or dates on which such leakage occurred, such specification is not required where, as here, the notice asserts the public entity's contribution to the pollution is essentially ongoing. See Natural Res. Defense Council v. Southwest Marine, Inc., 236 F.3d 985, 996 (9th Cir.

1  2000) (finding notice sufficient where acts were "ongoing, so there [was] no specific date
2  that [could] be alleged as the date of the violation").
3      Further, because KFD's RCRA notice and claim clearly rely on a violation of RCRA
4  under subsection (1)(B) of 42 U.S.C. § 6972(a) (see 4AC ¶ 50, Ex. D at 2 (asserting
5  "imminent and substantial endangerment to human health and the environment"), rather
6  than subsection (1)(A), KFD was not required to identify in its notice a violation of a
7  particular permit, regulation, order, or other requirement. Compare 42 U.S.C.
8  § 6972(a)(1)(B) (providing for civil action against "any person . . . who is contributing to . . .
9  transportation[ ] or disposal of any . . . hazardous waste which may present an imminent
10 and substantial endangerment to health or the environment") with § 6972(a)(1)(A)
11 (providing for civil action against "any person . . . who is alleged to be in violation of any
12 permit, standard, regulation, condition, requirement, prohibition, or order which has become
13 effective pursuant to this chapter") and 40 C.F.R. § 254.3(a) (providing, for "[n]otice
14 regarding an alleged violation of permit, standard, regulation, condition, requirement, or
15 order," such notice "shall include sufficient information to permit the recipient to identify the
16 specific permit, standard, regulation, condition, requirement, or order which has allegedly
17 been violated"); see No. Cal. River Watch v. Humboldt Petroleum, Inc., No. C-00-1329
18 VRW, 2000 WL 1639524, *3-4 (N.D. Cal. Oct. 30, 2000) (finding 40 C.F.R. § 254.3(a)
19 notice "irrelevant to a subsection (a)(1)(B) claim").
20     Lastly, KFD's notice sufficiently identifies an "imminent and substantial
21 endangerment to health or the environment," see 42 U.S.C § 6972(a)(1)(B); (4AC ¶ 58,
22 Ex. D at 3 (stating pollution is "migrat[ing] beneath the downgradient residential community,
23 toward water supply wells, surface water and nearby schools"); see also City of Bangor v.
24 Citizens Commc'ns Co., 437 F. Supp. 2d 180, 199 (D. Me. 2006) (finding "reasonable
25 potential for harm to people if they were to come into contact with substantial amounts of
26 the [ ] contamination"), and the City cites to no authority suggesting such assertion is
27 insufficient to provide notice or state a claim under RCRA.
28

### b. Complaint

Contrary to the City's argument, KFD's failure to plead facts supporting "generator" liability is not fatal to KFD's RCRA claim. Rather, as KFD points out, KFD alleges "transporter" and "operator" liability, allegations the City does not dispute and which are sufficient to state a claim under RCRA. See 42 U.S.C. § 6972(a)(1)(B) (providing for liability of "any person . . . including any past or present generator, past or present transporter or past or present owner or operator of a treatment, storage, or disposal facility"). Further, KFD's allegations that the City transports waste by operating a sewer that is leaking waste into the groundwater (see, e.g., 4AC ¶ 58, Ex. D at 2) are sufficient to allege the City's "contribut[ion]" to the transportation and disposal of hazardous waste. See 42 U.S.C. § 6972(a)(1)(B); City of Bangor, 437 F. Supp. 2d at 219 (finding city liable under RCRA where waste was "carried into [polluted site] by sewers that were constructed and maintained by the [c]ity"). Lastly, as discussed above, KFD has sufficiently pleaded such waste "may present an imminent and substantial endangerment to health or the environment."

### 3. State Law Claims

The City's motion to dismiss KFD's state law claims, to the extent such claims accrued prior to April 2007, is hereby GRANTED in part and DENIED in part.

The City seeks dismissal of said claims on the ground that KFD's March 6, 2008 administrative claim against the City identifies April 2007 as the "date of occurrence" of the subject pollution. (See 4AC Ex. A at 1.)

California law requires, as a predicate for suit against a public entity, presentation of an administrative claim thereto "not later than one year after the accrual of the cause of action." See Cal. Gov. Code §§ 911.2(a), 945.4. Consequently, KFD's state law claims, as alleged against the City, cannot be based on conduct predating March 6, 2007. See Myers v. Cnty. of Orange, 6 Cal. App. 3d 626, 636-37 (Cal. Ct. App. 1970) (characterizing § 945.4 notice as "comparable . . . to a statute of limitations"). Accordingly, to the extent the City's motion seeks dismissal of any state law claim alleged against the City and accruing prior to

1  March 6, 2007, the motion is GRANTED.[2]

2  The City, however, cites no authority in support of its contention that KFD is bound by a date identified in its administrative claim, as opposed to the date on which that claim was made, and, indeed, California authority provides latitude with respect to such a plaintiff's subsequent pleading.  See, e.g., Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth., 34 Cal. 4th 441, 449 (2004) ("If the claim gives adequate information for the public entity to investigate, additional detail and elaboration in the complaint is permitted.").  Accordingly, to the extent the City seeks dismissal of any state law claim alleged against it and accruing between March 6, 2007 and April 1, 2007, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: April 28, 2011

MAXINE M. CHESNEY
United States District Judge

---

[2] KFD's state law claims are alleged in the Sixth through Eleventh Claims for Relief. KFD's Tenth Claim for Relief, "Continuing Trespass," however, is not alleged against the City, and, accordingly, to the extent the City seeks dismissal of KFD's Tenth Claim for Relief, the motion is DENIED.