IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFD ENTERPRISES, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF EUREKA,<br><br>    Defendant.<br><br>And Related Counterclaims, Cross-claims, and Third-Party Claims. | No. C 08-4571 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FIRBIMATIC SPA'S MOTION TO DISMISS KFD'S FOURTH AMENDED COMPLAINT; GRANTING IN PART AND DENYING IN PART RR STREET & CO. INC'S MOTION TO DISMISS KFD'S FOURTH AMENDED COMPLAINT** |

    Before the Court is defendant Firbimatic SpA's ("Firbimatic") Motion to Dismiss Plaintiff KFD Enterprises Inc.'s ("KFD") Fourth Amended Complaint ("4AC") and defendant R.R. Street & Co. Inc.'s ("RR Street") Motion to Dismiss KFD's 4AC, both such motions filed February 18, 2011. KFD has filed opposition to each motion, to which Firbimatic and RR Street have separately replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

    1. To the extent Firbimatic moves to dismiss the 4AC in its entirety, for failure to

---

[1] On March 29, 2011, the Court took the matter under submission and vacated the hearing scheduled for April 1, 2011.

1 allege causation, Firbimatic's motion is hereby DENIED. Contrary to Firbimatic's
2 characterization thereof, KFD's initial RCRA[2] notice to the City of Eureka ("the City"), which
3 notice is attached to the 4AC and incorporated therein, does not state dry-cleaning
4 wastewater was discharged into the City's assertedly defective sewer system "only" in the
5 early 1980s (see Firbimatic Mot. at 7:7-8 ), thus arguably excluding Firbimatic as a
6 contributing source, but, rather, that such discharge began at that time (see 4AC Ex. C at 2
7 ("The endangerment caused by the City has been ongoing since at least the early 1980s
8 and is continuing in nature.")).

       2. Firbimatic and RR Street's motions to dismiss the 4AC's First and Third Claims
for Relief, alleging "arranger" liability under, respectively, the Comprehensive
Environmental Response and Compensation Act ("CERCLA") and California's Hazardous
Substance Account Act ("HSAA"),[3] are hereby GRANTED. Irrespective of whether KFD
has adequately alleged the requisite intent, see Burlington N. and Santa Fe Railway Co. v.
United States, 129 S. Ct. 1870, 1880 (2009) (setting forth requisite intent for arranger
liability), KFD does not allege that Firbimatic or RR Street at any time either owned or
possessed the subject hazardous waste or had actual control or a duty to dispose of such
waste. "No court has imposed arranger liability on a party who never owned or possessed,
and never had any authority to control or duty to dispose of, the hazardous materials at
issue." United States v. Shell Oil Co., 294 F.3d 1045, 1058 (9th Cir. 2002); see, e.g., Hinds
Inv., L.P. v. Team Enter., Inc., No. CV F 07-0703 LJO GSA, 2010 WL 796844, at *7 (E.D.
Cal. Mar. 5, 2010) (holding, for arranger liability, "ownership, or at least possession, of the
hazardous substance is required by the plain language" of CERCLA; granting motion to
dismiss claim alleging arranger liability against RR Street where RR Street alleged to have

---

[2] See Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(b)(2)(A) (providing "[n]o action may be commenced under subsection (a)(1)(B) of this section prior to ninety days after the plaintiff has given notice . . .").

[3] The HSAA adopts CERCLA's definition of arranger. See Cal. Health & Safety Code § 25323.5(a) ("'Responsible party' or 'liable person' for the purposes of this chapter, means those persons described in [CERCLA] (42 U.S.C. Sec. 9607(a)).")

manufactured and sold equipment for treatment of PCE but no allegation RR Street at any time owned or possessed PCE).

  3. Firbimatic and RR Street's motions to dismiss the 4AC's Seventh, Eighth, and Ninth Claims for Relief, alleging, respectively, "Continuing Private Nuisance," "Continuing Public Nuisance," and "Continuing Public Nuisance Per Se," are hereby DENIED.  "[T]hose who create or assist in creating a system that causes hazardous wastes to be disposed of improperly, or who instruct users to dispose of wastes improperly, can be liable under the law of nuisance."  City of Modesto Redev. Agency v. Superior Court, 119 Cal. App. 4th 28, 32-33, 40-42 (Cal. Ct. App. 2004) (considering liability of "manufacturers . . . of dry cleaning . . . equipment" where PCE "customarily dumped . . . into the public sewer systems"; holding "a reasonable fact finder might conclude that defendants who manufactured equipment designed to discharge waste in a manner that will create a nuisance, or who specifically instructed a user to dispose of wastes in such a manner, could be found to have caused or permitted a discharge").  Here, KFD alleges that Firbimatic and RR Street "took affirmative steps" to create a nuisance by designing their respective dry-cleaning equipment and instructing users in such a way as to require disposal of known hazardous waste into the sewer system.  (See, e.g., 4AC ¶ 22(c) (quoting Operator's Manual for Firbimatic 132: "water separator must be connected with the sewer"; alleging Firbimatic 132's "water separator emitted contaminated waste water" known to contain PCE); id. ¶ 22(a) (alleging RR Street designed Puritan Still to discharge known contaminated waste, and instructed user to catch discharge in "pail or other suitable container" but knew "only disposal option for [KFD] in the early to mid 1980s was to dump [the container] into the sewer, sink, toilet or other drain").  Such allegations are sufficient to allege claims for nuisance against Firbimatic and RR Street.  See Cal. Dep't of Toxic Substances Control v. Payless Cleaners, 368 F. Supp. 2d 1069, 1081 (E.D. Cal. 2005) (finding plaintiff stated claim of nuisance against manufacturer of dry cleaning equipment, where manufacturer "designed and installed the machines and instructed [plaintiff's] predecessor to dispose of wastes in a manner that resulted in" discharge into sewer).

1  4. Firbimatic and RR Street's motions to dismiss the 4AC's Tenth Claim for Relief, for "Continuing Trespass," are hereby GRANTED. The 4AC contains no allegation that KFD did not consent to Firbimatic and RR Street's placing their equipment on the subject property, see Cnty. of Santa Clara v. Atlantic Richfield Co., 137 Cal. App. 4th 292, 315 (Cal. App. Ct. 2006) (finding no trespass where plaintiff consented to placing of product on plaintiff's property), and KFD's allegation that Firbimatic and RR Street caused PCE already on the property to be discharged into the soil is not the equivalent of an allegation that either Firbimatic or RR Street caused an entry of PCE onto the property in the first instance, see Gus Cassinos v. Union Oil Co., 14 Cal. App. 4th 1770, 1778 (Cal. Ct. App. 1993) (holding, "[t]he essence of the cause of action for trespass is an 'unauthorized entry' onto the land of another").[4]

5. Firbimatic and RR Street's motions to dismiss the 4AC's Twelfth and Thirteenth Claims for Relief, alleging, respectively, "Strict Liability" and "Negligence," are hereby GRANTED. The injuries KFD alleges, in particular, "corrosion of the plumbing and pipes at and underlying the Property" and "contaminat[ion]" of the "soil at the Property," are not alleged to be injuries to KFD's property. (See 4AC ¶¶ 22(a)(5), 22(c)(5).) KFD neither alleges it owns the Property or the plumbing and pipes at or underlying the Property and, consequently, KFD fails to allege facts sufficient to show it has standing to bring a claim for either strict liability or negligence.[5] See Payless, 368 F. Supp. 2d at 1084 (noting, to adequately allege strict liability and negligence, plaintiff must allege "injury to its property"; finding plaintiffs "may recover for the damage caused to their own property").

---

[4] Although the district court in Payless, 368 F. Supp. 2d 1069, found a cause of action for continuing trespass had been stated under similar facts, the defendant there did not dispute that it had brought the PCE onto the property; the sole question addressed therein was whether the current property owner's claim for continuing trespass was barred by the prior owner's consent. See id. at 1082.

[5] Firbimatic and RR Street request the Court take judicial notice of a "Corporation Grant Deed," "Quitclaim Deed," and "Trust Transfer Deed," showing Kenneth Daer, Corinne Daer, and The Kenneth F. Daer Trust to have owned the subject property at various times from 1980 to present. (See RR Street and Firbimatic Req. for Judicial Notice Exs. A, B, C.) KFD has not opposed the request. Accordingly, Firbimatic and RR Street's request for judicial notice is hereby GRANTED.

6. Firbimatic and RR Street's motions to dismiss the 4AC's Fourth, Fifth, and Sixth Claims for Relief, alleging, respectively, "Equitable Indemnity," "Common Law Contribution," and "Declaratory Relief," are hereby DENIED. The sole basis asserted for dismissal is that such claims "stand or fall with KFD's other claims." (See Firbimatic Reply at 8:2-4; RR Street Reply at 7:2-4.) As discussed above, KFD has sufficiently pleaded causes of action for nuisance.

7. KFD's request for further leave to amend is hereby DENIED. The instant pleading represents KFD's fifth effort to state its claims and fourth opportunity to correct noted deficiencies in its pleadings. The case is now well over two years old. At some point, the pleadings have to close. See Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (holding leave to amend may be denied where "the plaintiff [has] had several opportunities to amend its complaint and [has] repeatedly failed to cure deficiencies").

**IT IS SO ORDERED.**

Dated: April 28, 2011

MAXINE M. CHESNEY
United States District Judge