IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KFD ENTERPRISES, INC.,

    Plaintiff,

v.

CITY OF EUREKA,

    Defendant.

And Related Counterclaims, Cross-claims, and Third-Party Claims.

No. C 08-4571 MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS FIRBIMATIC SPA'S & RR STREET & CO'S MOTION TO DISMISS EUREKA'S FOURTH AMENDED COUNTER-CLAIM AND CROSS-CLAIM; DENYING MOTION FOR ADMINISTRATIVE RELIEF**

    Before the Court is defendants Firbimatic SpA ("Firbimatic") and R.R. Street, Inc. & Co.'s ("RR Street") joint motion, filed December 24, 2010,[1] to dismiss the City of Eureka's ("the City") Fourth Amended Counter-Claim and Cross-Claim ("4ACC"), and joint motion for administrative relief, filed January 24, 2011. The City has filed opposition to the motions, and, with respect to the former, Firbimatic and RR Street have filed a joint reply. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[2]

---

[1] The motion to dismiss was initially noticed for hearing on January 28, 2011, which date, contrary to the City's argument, was in accordance with this district's local rule requiring 35 days notice.

[2] On March 29, 2011, the Court took the matters under submission and vacated the hearing scheduled for April 1, 2011.

1. Firbimatic and RR Street's motion to dismiss the City's 4ACC's Sixth Claim for Relief, "Equitable Indemnity," is hereby DENIED.  Contrary to Firbimatic and RR Street's argument, the City can plead a claim for equitable indemnity against them irrespective of whether KFD has alleged KFD's ownership of the subject property.[3]  In particular, the Court, by orders filed concurrently herewith, has found KFD has sufficiently pleaded nuisance claims against both Firbimatic and RR Street and nuisance and dangerous condition of public property claims against the City, in each instance based on the discharge of PCEs into the soil of the subject property.  (See Order Granting in Part and Denying in Part Firbimatic's Mot. to Dismiss KFD's Fourth Am. Compl.; Order Granting in Part and Denying in Part City's Mot. to Dismiss KFD's Fourth Am. Compl.)  Comparative fault is cognizable, and equitable indemnity is available, where tortfeasors are alleged to have contributed to the same injury, regardless of the theory of liability on which such allegations are based.  See, e.g., Rosh v. Cave Imaging Sys., Inc., 26 Cal. App. 4th 1225, 1233-35 (Cal. Ct. App. 1994) (affirming allocation of comparative fault between negligent and intentional tortfeasors); GEM Developers v. Hallcraft Homes of San Diego, Inc., 213 Cal. App. 3d 419, 429 (Cal. Ct. App. 1989) (holding "any theory which would have been available to [plaintiff] in a direct action against [defendant] . . . is available to [third-party plaintiff] seeking equitable indemnity");[4] see also BFGC Architects Planners, Inc. v. Forcum/Mackey Constr., Inc., 119 Cal. App. 4th 848, 852 (Cal. Ct. App. 2004) (noting equitable indemnity "can apply to acts that are concurrent or successive, joint or several, as long as they create a detriment caused by several actors").

2. Firbimatic and RR Street's motion to dismiss the 4ACC's Seventh Claim for

---

[3] In light of this ruling, Firbimatic and RR Street's Request for Administrative Relief, by which Firbimatic and RR Street request the Court take judicial notice of certain filings by the City arguably showing KFD's lack of ownership of the subject property, is hereby DENIED as moot.

[4] Although, as Firbimatic and RR Street point out, the City expressly excludes them from its allegations of nuisance (see 4ACC ¶¶ 87-89), the City also expressly incorporates by reference KFD's Fourth Amended Complaint ("4AC") (see 4ACC ¶ 42), and, as noted, said 4AC sufficiently alleges claims for nuisance.

Relief, "Contribution," is hereby DENIED.  Contrary to Firbimatic and RR Street's argument, such claim may be brought in federal court prior to payment on an obligation.  See <u>Hanna v. Plumer</u>, 380 U.S. 460, 472 (1965) (holding federal law governs "practice and pleading" of claim brought in federal court); <u>see also</u> Fed. R. Civ. P. 13(g) (providing crossclaim may include claim that coparty "is or <u>may be</u> liable to the cross-claimant for all or part of a claim" (emphasis added)), 14(a) (same);  <u>Pouliot v. Paul Arpin Van Lines, Inc.</u>, 303 F. Supp. 2d 135, 138-39 (D. Conn. 2004) (holding federal rules govern time state law contribution claim may be brought; finding Rule 13(g) permits "contingent" contribution claims); <u>Mid-States Ins. Co. v. Am. Fidelity & Cas. Co.</u>, 234 F.2d 721, 731 (9th Cir. 1956) (holding Rule 14 "authorize[s] an acceleration in the determination and adjudication of a claim").

    3. Firbimatic and RR Street's motion to dismiss, in its entirety, the 4ACC's Eighth Claim for Relief, "Declaratory Relief," is hereby DENIED for the reasons set forth above with respect to the 4ACC's Sixth Claim for Relief, and is hereby GRANTED to the extent such claim seeks to allocate injunctive relief under the Resource Conservation Recovery Act ("RCRA").  The City cites no case or statutory authority to support its entitlement thereto in the absence of a RCRA claim brought against either such defendant.

**IT IS SO ORDERED.**

Dated: April 28, 2011

MAXINE M. CHESNEY
United States District Judge