Eric Grant (Bar No. 151064)
grant@hicks-thomas.com
Hicks Thomas LLP
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone:  (916) 388-0833
Facsimile:   (916) 691-3261

John B. Thomas (Bar No. 269538)
jthomas@hicks-thomas.com
Jay N. Gross (*pro hac vice*)
jgross@ hicks-thomas.com
Hicks Thomas LLP
700 Louisiana Street, Suite 2000
Houston, Texas 77002
Telephone:  (713) 547-9100
Facsimile:   (713) 547-9150

Counsel for Defendant
R.R. STREET & CO. INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KFD ENTERPRISES, INC., a California corporation dba Norman's Dry Cleaner,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF EUREKA, et al.,<br><br>　　　　Defendants.<br><br>AND ALL RELATED CROSS-CLAIMS AND THIRD-PARTY CLAIMS. | No. 3:08-cv-04571-MMC<br><br>**STIPULATED PROTECTIVE ORDER REGARDING REGIONAL BOARD AND CONSULTANT INVOICES**<br>**[Civil L.R. 7-12]**<br><br>Courtroom:　7 (19th Floor)<br>Judge:　　　Hon. Maxine M. Chesney |

　　　Pursuant to Civil L.R. 7-12, Plaintiff KFD Enterprises, Inc. ("KFD") and Defendant R.R. Street & Co. Inc. ("Street") hereby stipulate and respectfully request judicial action as follows:

　　　WHEREAS KFD possesses Regional Water Quality Control Board invoices and consultant invoices that contain information relating to private financial billing records ("Invoices");

WHEREAS Street has requested the Invoices as part of a legitimate discovery request; and

WHEREAS KFD wishes to comply with Street's discovery request but does not want the Invoices to be distributed to the general public, either physically or by publication on the Internet or in any publicly available database;

THEREFORE, the parties hereto agree, subject to the Court's approval, to the following stipulated protective order ("Order"):

1. This Order shall govern all Invoices hereafter to be produced by KFD in response to Street's request for production of documents served on June 15, 2010 and identified by KFD in its production as "Confidential." These documents—referred to herein as "Confidential Invoices"—shall be handled by the parties and by their attorneys, consultants, and experts consistent with this Order.

2. The parties are free to use the Confidential Invoices for purposes of this action, subject to the following conditions:

 a. the Confidential Invoices shall be used only for the purpose of prosecuting or defending this action and for no other purpose;

 b. the Confidential Invoices shall not be disclosed by the party to whom they are provided, except to the following persons:

  i. the Court and court personnel;

  ii. court reporters and videographers in connection with depositions and hearings in this action;

  iii. outside and in-house counsel and office staff of such counsel;

  iv. retained experts to whom, in the good judgment of counsel, it is necessary to disclose the Confidential Invoices, along with counsel and other representatives of the party's insurance carriers, provided that counsel advises each such person that the documents are confidential and to be used only for the purpose of this action, and provided that prior to receiving the Confidential Invoices, each such person executes a written statement that contains the following provision: "I have read the Stipulated Protective Order entered by the United States District Court for the Northern District of California in Case No. 3:08-cv-04571-MMC, styled *KFD Enterprises,*

1  *Inc. v. City of Eureka, et al*.  By signing this document, I acknowledge that I understand all terms
2  of that Order and agree to be bound by such terms.";
3        v.      any agent or employee of KFD;
4        vi.      any agent or employee of the entity that generated a particular Invoice that
5  is included among the Confidential Invoices; and
6        vii.      any other person, provided that KFD grants prior written consent.
7      3.    A party who intends to include any of the Confidential Invoices in a public filing
8  with the Court shall, no later than 10 days prior to the intended filing, meet and confer with KFD
9  to determine whether such filing can be made without KFD's objection.  If the parties fail to reach
10 agreement, and if KFD desires to prevent the public filing of any Confidential Invoice, it shall be
11 KFD's obligation to obtain a protective order prohibiting such filing or obtain the Court's authori-
12 zation (by means of a motion under Civil L.R. 7-11 or otherwise) for filing such document under
13 seal.  If KFD chooses to seek authorization for filing under seal by means of a motion under Civil
14 L.R. 7-11, the party seeking to include the Confidential Invoice in its filing shall co-operate with
15 KFD in the procurement of such authorization, including but not limited to executing a stipulation
16 to filing under seal.
17     4.    Subject to the following limitations, Confidential Invoices may be disclosed to wit-
18 nesses during oral depositions, and such witnesses may be questioned regarding such documents
19 during oral depositions.  Before such disclosure, counsel shall obtain on the record an agreement
20 that the witness agrees to be bound by the terms of this Order, and the witness shall execute the
21 statement set out in Paragraph (2)(b)(iv) above.  The court reporter receiving such documents as
22 exhibits shall maintain the exhibits in a sealed envelope bearing the legend, "CONFIDENTIAL:
23 Subject to Court Order:  Not to be opened except pursuant to order of the Court."  At the termina-
24 tion of this action, the court reporter shall dispose of the documents as described in Paragraph 5.
25     5.    At the termination of this action by trial, settlement, or other disposition (including
26 appeal), this Order shall continue to bind all parties, counsel, and other persons to whom the Con-
27 fidential Invoices have been disclosed.  At that time, all copies thereof shall either be destroyed or
28 be returned to Greben & Associates or to whomever is then counsel of record for KFD.

HICKS THOMAS LLP
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

6. Nothing in this Order shall prevent the parties from redacting or otherwise withholding material protected by the attorney-client privilege or the work product doctrine.

7. Nothing in this Order shall prevent a party from using any of the Confidential Invoices at the trial or in an appeal of this action.  Any party intending to so use the Confidential Invoices shall give KFD no less than 10 days' prior notice of such intended use.  KFD may then take such action as it deems appropriate.

8. Nothing in this Order shall prevent a party from producing any of the Confidential Invoices in response to a subpoena, request for production of documents, or other lawful demand.  If a party other than KFD receives such a demand that (in the party's judgment) encompasses any of the Confidential Invoices, such party shall give KFD notice of such demand as soon as reasonably practicable and sufficiently in advance of production to give KFD an opportunity to respond or object as it deems appropriate.

9. This Order may be modified by a written stipulation signed by counsel for all of the undersigned parties or by further order of the Court on such terms as are just and reasonable.  Any party may seek modification of the terms of this Order at any time by filing and serving a properly noticed motion.  The parties hereto agree that the Court shall, for purposes of enforcing this Order, have jurisdiction over any person who receives any Invoice pursuant to this Order.

Dated:  May 31, 2011.

                            Respectfully submitted,

                            /s/ Eric Grant
                            Eric Grant
                            John B. Thomas
                            Jay N. Gross
                            Hicks Thomas LLP

                            Counsel for Defendant
                            R.R. STREET & CO. INC.

                            (The filer hereby attests that concurrence in
                            the filing of this document has been obtained
                            from the signatory below.)

HICKS THOMAS LLP
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

| | |
|---|---|
| 1 | GREBEN & ASSOCIATES |
| 2 | /s/ Danielle De Smeth <br> Jan A. Greben |
| 3 | Jeff Coyner <br> Danielle De Smeth |
| 5 | Attorneys for Plaintiff KFD ENTERPRISES, INC., a California corporation dba Norman's Dry Cleaner |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

The protective order herein shall bind the above-signed parties. Any party requesting a document be filed under seal pursuant to this order shall file an appropriate motion pursuant to Civil Local Rule 79-5.

Dated: June __2__, 2011.

Hon. MAXINE M. CHESNEY
United States District Judge

HICKS THOMAS LLP
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

{00139603.DOC}                    5                    No. 3:08-cv-04571-MMC
Stipulated Protective Order Regarding Regional Board and Consultant Invoices