IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFD ENTERPRISES, INC., | No. C 08-4571 MMC |
| Plaintiff, | **ORDER DENYING MOTION FOR LEAVE TO AMEND** |
| v. | |
| CITY OF EUREKA, | |
| Defendant. | |
| And Related Counterclaims, Cross-claims, and Third-Party Claims. | |

Before the Court is defendant City of Eureka's ("City") motion, filed May 10, 2012, for leave to file a Fifth Amended Counter-Claim and Cross-Claim, by which the City seeks to add a claim under the Resource Conservation and Recovery Act ("RCRA"). Plaintiffs KFD Enterprises, Inc. ("KFD") and Kenneth Daer ("Daer") have jointly filed opposition thereto, to which the City has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

## **BACKGROUND**

The instant action was filed October 1, 2008 and "aris[es] out of environmental

---

[1] By order filed June 13, 2012, the hearing on the motion was vacated.

contamination at 2907 'E' Street, Eureka, in the County of Humboldt, California" ("the Property"). (See City of Eureka's Fourth Amended Counter-Claim and Cross-Claim ¶ 1.) The City alleges that "KFD Enterprises has owned and operated a dry cleaning business located at the Property" (id. ¶ 18), that "KFD has generated and released various solid and hazardous wastes in its operations on the Property," including PCE (id. ¶ 19), and that Daer, "through his own actions and omissions" and through a "failure to properly hire, train, supervise, instruct, oversee and direct Norman's Dry Cleaner employees" caused PCE to be released into the environment (see id. ¶¶ 38-41).

The City's original counterclaim and third-party complaint was filed November 21, 2008, naming KFD and Unocal Corporation as defendants and alleging claims under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), the Hazardous Substance Account Act, and state law. On July 24, 2009, the City filed its "First-Amended Complaint," adding claims against Daer and a number of other defendants. The City subsequently filed three additional amended pleadings: a "Second-Amended Complaint" on November 9, 2009, a "Third Amended Counter-Claim and Cross-Claim," on April 30, 2010, and a "Fourth Amended Counter-Claim and Cross-Claim" on December 10, 2010. By the instant motion, the City seeks leave to file its Fifth Amended Counter-Claim and Cross-Claim ("5AC") which, for the first time, alleges a RCRA claim against KFD and Daer.

## LEGAL STANDARD

Where, as here, the complaint previously has been amended, "a party may amend its pleading only with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. 15(a)(2). The court, however, "should freely give leave when justice so requires." See id. In determining whether such leave should be granted, the court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting

1  Foman v. Davis, 371 U.S. 178, 182 (1962)).  Although delay, as noted, is relevant, "delay
2  alone no matter how lengthy is an insufficient ground for denial of leave to amend."  See
3  United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981).  Among the listed factors, "it is
4  the consideration of prejudice to the opposing party that carries the greatest weight."  See
5  Eminence Capital, LLC, 316 F.3d at 1048.

## DISCUSSION

**A.  Undue Delay**

The City argues there has been no undue delay, despite the lateness of its request to amend its claims for a fifth time, because, according to the City, it was only through its recent deposition of Daer that it became aware of facts supporting a RCRA claim. Relevant to the Court's evaluation of this factor is "whether the moving party knew or should have known the facts and theories raised by the amendment" at the time of the original pleading.  See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) (holding district court did not abuse discretion by denying leave to amend complaint one year after action commenced; rejecting plaintiff's argument that facts were not "fully fleshed out" until that time).

The factual allegations necessary to support a claim under RCRA are: "(1) that the defendant has generated solid or hazardous waste, (2) that the defendant is contributing to or has contributed to the handling of this waste, and (3) that this waste may present an imminent and substantial danger to health or the environment."  Albany Bank & Trust Co. v. Exxon Mobil Corp., 310 F.3d 969, 972 (7th Cir. 2002).

The City points to the following facts learned through the deposition of Daer as the basis for its RCRA claim: (1) "Norman's Dry Cleaner . . . suffered numerous spills and boil overs;" (2) "Daer's lateral on the property had not been maintained and had been broken in several places and not repaired;" (3) "pure PCE was disposed down floor drains on a regular basis;" (4) "PCE-laden filters were discarded into the dumpster in the [adjacent] alley;" (5) "KFD 'misted' PCE wastewater out the back wall of the boiler room;" and (6) "Daer was the main operator of the dry cleaner equipment when all of these practices were

occurring in the 1980s." (See Memorandum of Points and Authorities at 1:7-15, 2:17-21.)

Contrary to the City's argument, facts sufficient to support a RCRA claim have been known to the City for years. Specifically, the City has known, and indeed has previously alleged, facts supporting an inference that KFD and Daer used and stored PCE, that KFD and Daer handled PCE and caused it to be released into the environment, and that such release of PCE could present an imminent and substantial danger to health or the environment. For example, in its original counter-claim against KFD, filed November 21, 2008, the City alleged that "KFD used, handled, [and] stored various hazardous substances, including but not limited to . . . PCE related to its activities and operations at the Property," that "KFD has generated and released various solid and hazardous wastes, in its operations on the Property since at least 1980," and that "PCE has in the past contaminated and continues presently to contaminate Eureka's groundwater and soil from KFD's acts and omissions." (See Defendant City of Eureka's Answer to Complaint of KFD Enterprises, Inc. and Counterclaim and Third-Party Complaint ¶¶ 8-11.) Thereafter, in its First Amended Complaint, filed July 24, 2009, the City added similar allegations as to Daer. (See, e.g., Counter-Claimant and Third-Party Plaintiff City of Eureka's First Amended Complaint ¶ 29 ("Eureka is informed and believes the improper handling and disposal of the dry cleaning chemical, perchloroethylene, under the supervision and management of Kenneth Daer, owner and operator of the dry cleaner, thereby causing [sic] contamination at or around the soil and groundwater underlying the Property, and the surrounding soils and groundwater.").)

The City fails to explain why such allegations would not have supported a RCRA claim years ago. Consequently, the City fails to show good cause for delay.

**B. Bad Faith**

KFD and Daer argue the instant motion is brought in bad faith because, according to KFD and Daer, the City has long been aware of the very facts it now claims were discovered through Daer's deposition. "To oppose a motion for leave to amend on grounds of bad faith, a party must show 'sharp practice' tactics such as, for example, seeking to add

4

a defendant merely to destroy diversity jurisdiction." SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1095 (S.D. Cal. 2002) (citing Sorosky v. Burroughs Corp., 826, F.2d 794, 805 (9th Cir. 1987)). Although, as discussed above, the City has, for some time, been aware of a number of facts that could have served as a basis for a RCRA claim, the record before the Court does not support a finding of bad faith.

**C.  Futility**

KFD and Daer argue the proposed amendment would be futile because, according to KFD and Daer, any injunction awarded under RCRA would require them to clean up environmental contamination on the Property, which they are obliged to do in any event by order of the Regional Water Board, and because CERCLA prohibits judicial interference in an ongoing removal of environmental contamination. See, e.g., Razore v. Tulalip Tribes of Washington, 66 F.3d 236, 239-40 (9th Cir. 1995) (dismissing RCRA claim where injunction could interfere with cleanup plan adopted under CERCLA); SPPI-Somersville, Inc. v. TRC Companies, Inc., Nos. C 04-2648 SI, 07-5824 SI, 2009 WL 2612227 (N.D. Cal. Aug. 21, 2009) (holding RCRA claim failed where consent order "already require[d] [defendants] to clean up the groundwater contamination, and . . . remediation ha[d] been underway for years"). The City argues the proposed amendment would not be futile because the Regional Water Board has not issued a final Consent Order or approved a final Remedial Action Plan and removal efforts have not begun.

Denial of leave to amend on grounds of futility "is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." See Clarke v. Upton, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010). Here, a finding that the City's RCRA claim will fail would require additional discovery as to the proceedings before the Regional Water Board, as well as additional motion practice. Under such circumstances, KFD and Daer fail to show the proposed amendment would be futile.

**D.  Prejudice**

KFD and Daer argue they will be prejudiced if the proposed amendment is allowed,

5

because additional motion practice will be required, additional discovery will be necessary, and the discovery deadline is approaching. See Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (holding "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint"); Jackson, 902 F.2d at 1387-88 (holding prejudice shown where "additional discovery would have to be undertaken on [the] new claims"). The discovery cut-off date, as set forth in the Court's Pretrial Order, is July 30, 2012. (See Minutes of Case Management Conference, filed January 20, 2012; Pretrial Preparation Order, filed January 24, 2012.) A motion to dismiss the RCRA claim would be briefed and heard, at the earliest, close to the discovery cut-off date, and, if the claim survived, that deadline would need to be extended; as a consequence, the entire action would be delayed.[2]

The City argues no additional discovery is needed, because its claim is based on Daer's deposition. Contrary to the City's argument, the addition of a RCRA claim will, in all probability, necessitate additional discovery, including depositions of third parties (see, e.g., Declaration of Charles Bolcom Ex. 62 at 419:6-25 (Daer Depo.) (describing inspection performed by maintenance company employee who determined lateral needed repair)) and, as discussed above, discovery with respect to the ongoing proceedings before the Regional Water Board.

In short, "[t]o put [KFD and Daer] through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would cause undue prejudice." Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) (internal quotation and citation omitted).

//

---

[2] In light of the above findings with respect to delay, the Court does not address herein KFD and Daer's additional argument that the City fails to show "good cause" to extend the discovery deadline under Rule 16. See Fed. R. Civ. P. 16(b)(4) (providing "scheduling order" issued by court "may be modified only for good cause and with the judge's consent").

6

**E.  Prior Amendments**

The instant action has been pending for close to four years.  Over that period of time, the City has had ample opportunity to amend its pleadings, conduct discovery and investigate its claims against KFD and Daer.  "The district court's discretion to deny leave to amend is particularly broad where [the] plaintiff has previously amended the complaint." Ascon Properties, Inc., 866 F.2d at 1160 (denying leave to amend RCRA claim a second time).  If allowed to amend again, the City would be filing its sixth pleading.  As the Court has observed, there are numerous parties to the action and numerous motions have been made, opposed and heard with respect to the pleadings alone.  (See Order Denying Plaintiff's Motion for Leave to File Fifth Amended Complaint, filed April 22, 2011, at 4:18.) The case is, at last, moving forward toward trial.  To return to the pleading stage at this point in the litigation would do a disservice to all parties involved.

**CONCLUSION**

The Court, having considered and weighed the above-referenced relevant factors, the City's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 14, 2012

MAXINE M. CHESNEY
United States District Judge