IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFD ENTERPRISES, INC., | No. C 08-4571 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MULTIMATIC LLC AND THE KIRRBERG CORPORATION'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| CITY OF EUREKA, et al., | |
| Defendant. | |
| And Related Counterclaims, Cross-claims, and Third-Party Claims. | |

Before the Court is Multimatic LLC and The Kirrberg Corporation's (collectively, "Multimatic") "Motion for Summary Judgment as to Plaintiff KFD Enterprises, Inc.'s Fourth Amended Complaint ["4AC"]," filed June 1, 2012. KFD Enterprises, Inc. ("KFD") has filed opposition, to which Multimatic has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

//

//

---

[1] On December 4, 2012, the Court took the matter under submission and vacated the hearing scheduled for December 7, 2012.

**1. Claims One ("Cost Recovery Pursuant to CERCLA § 107(a)") and Three ("Hazardous Substance Statutory Indemnity")**

With respect to its First and Third Claims for Relief, KFD asserts Multimatic is liable as an arranger for the disposal of hazardous waste.

CERCLA imposes arranger liability on "any person who by contract, agreement, or otherwise arranged for disposal . . . of hazardous substances owned or possessed by such person, by any other party or entity, at any facility . . . owned or operated by another party or entity and containing such hazardous substances . . . ." 42 U.S.C. § 9607(a)(3).[2] A party "may qualify as an arranger . . . when it takes intentional steps to dispose of a hazardous material." See Team Enterprises, LLC v. W. Inv. Real Estate Trust, 647 F.3d 901, 908 (9th Cir. 2011) (omission in original). "[T]o satisfy the intent requirement, a company selling a product that uses and/or generates a hazardous substance as part of its operation may not be held liable as an arranger under CERCLA unless the plaintiff proves that the company entered into the relevant transaction with the *specific purpose* of disposing of a hazardous substance." See id. at 909 (emphasis in original).

Here, it is undisputed that KFD used a Multimatic Solo Plus machine in its dry cleaning operations, the instruction manual for which stated the following: "Waste water must flow into an open drain." (See 4AC Ex. F at KFD01975.) It is also undisputed that during the operation of said machine, PCE-containing wastewater was produced and KFD disposed of said wastewater down a floor drain. (See Smith Dec. Ex. B at 54:21-55:5.) Based on said evidence, KFD argues Multimatic had the requisite intent to dispose of a hazardous substance. KFD's reliance on the manual, however, is misplaced. See Team Enterprises, 647 F.3d at 908 (holding "[w]hile actions taken with the *intent* to dispose of a hazardous substance are sufficient for arranger liability, actions taken with the mere

---

[2] The definition of "arranged" is the same under both CERCLA and the HSAA. See Cal. Health & Safety Code § 25323.5(a) ("'Responsible party' or 'liable person,' for the purposes of this chapter, means those persons described in [CERCLA] (42 U.S.C. Sec. 9607(a)).").

*knowledge* of such future disposal are not") (emphasis in original).  Put another way, KFD was required to show, and has not shown, that when Multimatic sold the equipment in question, Multimatic's "probable *purpose* for entering into such a transaction [was] to dispose of hazardous waste."  See id. at 907-08 (emphasis in original) (noting "[a]rranger liability ensures that owners of hazardous substances may not free themselves from liability by selling or otherwise transferring a hazardous substance to another party for the purpose of disposal").

KFD's alternative theory, that Multimatic exercised control over the disposal process, likewise fails.  See Team Enterprises, 647 F.3d at 910 ("Arranger liability premised upon a party's control over the disposal process is well established.").  The sole evidence offered by KFD in support of such argument is the above-referenced language from Multimatic's instruction manual.  Such evidence is insufficient to establish control.  See id. (holding, for purposes of arranger liability, "instruction manuals are akin to recommendations and, therefore, do not control the actions of the purchaser").

Accordingly, Multimatic is entitled to summary judgment on KFD's First and Third Claims for Relief.

**2.  Claims Seven ("Continuing Private Nuisance") and Eight ("Continuing Public Nuisance")**

Entities or persons "who create or assist in creating a system that causes hazardous wastes to be disposed of improperly, or who instruct users to dispose of wastes improperly, can be liable under the law of nuisance."[3]  See City of Modesto Redevelopment Agency v. Superior Court, 119 Cal. App. 4th 28, 40-41 (2004) (reversing summary judgment in favor of manufacturers of dry-cleaning equipment where manufacturers "instructed the dry cleaners to set up their equipment to discharge solvent-containing wastewater into the drains"; see also Selma Pressure Treating C. v. Osmose Wood

---

[3] The issues raised by the instant motion are the same for both private and public nuisance.

1  Preserving Co., 221 Cal. App. 3d 1601, 1620 (1990) (finding complaint sufficiently pleaded
2  claim for nuisance where equipment installer "recommended an unlined dirt pond be
3  created for the receipt of . . . waste products").[4]  Here, as noted, Multimatic's instruction
4  manual included the following direction to users:  "Waste water must flow into an open
5  drain."[5]  (See 4AC Ex. F at KFD01975); see also Team Enterprises, 647 F.3d at 912
6  (distinguishing City of Modesto where manual instructed user to pour PCE-containing
7  wastewater into bucket; noting "there [was] no evidence in the record that [defendant]
8  instructed dry cleaners to set up their equipment to discharge solvent-containing
9  wastewater into the drains and sewers") (internal quotation and citation omitted).
10         Accordingly, Multimatic is not entitled to summary judgment on KFD's Seventh and
11 Eighth Claims for Relief.
12         **3.  Claim Nine ("Continuing Public Nuisance Per Se")**
13         A party is liable for nuisance per se when the "activity or circumstance at issue [is]
14 expressly declared to be a nuisance by its very existence by some applicable law."  City of
15 Claremont v. Kruse, 177 Cal. App. 4th 1153, 1163 (2009) (internal quotation and citation
16 omitted).  In particular, "[w]ater pollution occurring as a result of treatment or discharge of
17 wastes in violation of Water Code section 13000, et seq. is a public nuisance per se."  See
18 Newhall Land & Farming Co. v. Superior Court, 19 Cal. App. 4th 334, 341 (1993); see also
19 Cal. Water Code § 13304 (providing for liability of any person "who has caused or permitted
20 . . . any waste to be discharged . . . into the waters of the state and creates or threatens to
21 create a condition of pollution or nuisance").  As noted, Multimatic's manual instructed
22 users to dispose of waste "into an open drain."  (See 4AC Ex. F at KFD01975).

---

[4] The Court is not persuaded by Multimatic's citation to Hinds Investments v. Angioli, 445 Fed. Appx. 917 (9th Cir. 2011), an unpublished memorandum disposition, given the paucity of facts provided therein.

[5] The record does not support Multimatic's argument that KFD lacks evidence showing KFD relied on the instruction manual.  (See Greben Decl. Ex. C at 438:8-18 (deposition testimony of Kenneth Daer ("Daer") stating he and instructor consulted above-referenced manual during training process); see also Smith Dec. Ex. B at 54:21-55:5 (deposition testimony of Daer stating wastewater was disposed of down floor drain).)

4

1  Consequently, Multimatic may be found liable for violating § 13304 the California Water
2  Code.  See City of Modesto, 119 Cal. App 4th at 41-43 (reversing summary judgment in
3  favor of manufacturers on claim predicated on § 13304 where manufacturers instructed dry
4  cleaners "to discharge solvent-containing waste water into the drains and sewers").
5       Accordingly, Multimatic is not entitled to summary judgment on KFD's Ninth Claim
6  for Relief.

### 4. Claim Ten ("Continuing Trespass")

"Where the owner of property voluntarily places a product on the property and the product turns out to be hazardous, the owner cannot prosecute a trespass cause of action against the manufacturer of that product because the owner has consented to the entry of the product onto the land."  See County of Santa Clara v. Atl. Richfield Co., 137 Cal. App. 4th 292, 315 (2006)).  Here, the evidence is undisputed that the dry cleaning machine was on the subject property with KFD's consent, and, contrary to KFD's argument, the issue is not whether KFD consented "to the contamination resulting from Multimatic's equipment." (See Opp'n at 14:23-24); County of Santa Clara, 137 Cal. App. 4th at 315 (holding plaintiffs' "lack of knowledge" of product's "dangerous propensities does not vitiate their consent to the placement of the [product] on their properties, though it may make that consent uninformed").

Accordingly, Multimatic is entitled to summary judgment on KFD's Tenth Claim for Relief.

### 5. Claims Twelve ("Strict Liability") and Thirteen ("Negligence")

Multimatic argues KFD's claims for strict liability and negligence fail for the reason that the 4AC alleges[6] only economic loss, not physical injury to person or property.  See County of Santa Clara, 137 Cal. App. 4th at 318 (holding "economic loss alone, without physical injury, does not amount to the type of damage that will cause a negligence or strict liability cause of action to accrue").  Contrary to Multimatic's argument, however, the 4AC

---

[6] As to these two claims, Multimatic bases its argument solely on the pleadings, and KFD's response likewise is based solely on the pleadings.

5

does allege the requisite physical injury. (See 4AC ¶22(b)(5) ("Wastewater produced by the Multimatic machine also injured fixtures on the Property by causing corrosion of the plumbing and pipes at and underlying the Property."); see also id. ¶¶ 103, 111 (incorporating by reference all preceding paragraphs).)[7]

Accordingly, Multimatic is not entitled to summary judgment on KFD's Twelfth and Thirteenth Claims for Relief.

**6. Claims Four ("Equitable Indemnity"), Five ("Common Law Contribution"), and Six ("Declaratory Relief")**

The only basis asserted by Multimatic for summary judgment in its favor on the Fourth, Fifth, and Sixth Claims for Relief is Multimatic's lack of liability with respect to any other claim. As discussed above, Multimatic has not shown it is entitled to relief on KFD's Seventh, Eighth, Ninth, Twelfth, and Thirteenth Claims for Relief.

Accordingly, Multimatic is not entitled to summary judgment on KFD's Fourth, Fifth, and Sixth Claims for Relief.

## CONCLUSION

For the reasons stated above, Multimatic's motion for summary judgment is hereby GRANTED in part and DENIED in part.

1. To the extent Multimatic seeks summary judgment in its favor on KFD's First, Third, and Tenth Claims for Relief, the motion is GRANTED.

2. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: December 14, 2012

MAXINE M. CHESNEY
United States District Judge

---

[7] In support of its motion, Multimatic has not raised an issue as to KFD's failure to plead ownership of the property alleged to have suffered damage. See California Dept. of Toxic Substances Control v. Payless Cleaners, 368 F. Supp. 2d 1069, 1084 (E.D. Cal. 2005) (noting, to adequately allege strict liability and negligence, plaintiff must allege "injury to its property"; finding plaintiffs "may recover for the damage caused to their own property").