**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFD ENTERPRISES, INC., | Case No. 08-04571-SC |
| Plaintiff, | ORDER RE: MOTIONS FOR DETERMINATION OF GOOD FAITH SETTLEMENT |
| v. | |
| CITY OF EUREKA, et al. | |
| Defendants. | |
| AND RELATED COUNTER AND CROSS CLAIMS | |

## I. INTRODUCTION

Plaintiff KFD Enterprises, Inc. ("KFD") brings this action against a number of parties seeking contribution for contamination of a property located at 2907 E Street, Eureka, California (the "Property"). KFD recently reached a settlement with Environmental Resolutions, Inc. and Cardno USA, Inc. (collectively "ERI"), as well as Multimatic LLC and the Kirreberg Corporation (collectively, "Multimatic"). ERI and Multimatic now move for approval of their respective settlement agreements. ECF No. 620 ("ERI Mot."), 621

("Multimatic Mot."). Defendant City of Eureka ("Eureka") opposes both motions. ECF Nos. 626 ("Opp'n to ERI Mot."), 630 ("Opp'n to Multimatic Mot.").[1] This matter is appropriate for resolution without oral argument per Civil Local Rule 7-1(b). For the reasons set for the below, Multimatic's motion is GRANTED and ERI's motion is GRANTED in part and DENIED in part.

**II. BACKGROUND**

KFD commenced dry cleaning operations on the Property, which included use of PCE, on or about 1980. During this time, KFD used Multimatic's dry cleaning equipment. On or about 1998, petroleum hydrocarbon and volatile organic compound contamination was discovered on the Property, primarily PCE and TCE. Union Oil, which owned the Property from 1964 through 1979, investigated the contamination and hired ERI to install monitoring wells on the Property.

In or around 2008, KFD brought suit against several parties, including Eureka, as well as Union Oil, Unocal, and Chevron (collectively, "Union Oil"), alleging that they had contributed to the contamination on the Property. Among other things, KFD has asserted state law claims and claims under the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq.

ERI was brought into the action via a third-party complaint, and KFD later named ERI as a direct defendant in the case. KFD alleges that ERI's monitoring wells contributed to the

---

[1] The movants have filed replies in support of their motions. ECF Nos. 628 ("Reply ISO ERI Mot."), 633 ("Reply ISO Multimatic Mot.").

2

contamination on the Property, and that ERI was acting as Union Oil's agent when it installed the monitoring wells. Eureka has also filed a cross-complaint against Union Oil. KFD also sued Multimatic, alleging that its dry cleaning equipment contributed to the contamination on the Property.

KFD and ERI reached a settlement agreement on or around June 6, 2013. The key terms of the settlement are as follows: ERI will pay KFD $450,000 in exchange for a release of all claims by KFD arising out of or related to the action, or related to the monitoring wells installed by ERI at the Property. This includes a release of KFD's claims against Union Oil relating to the monitoring wells installed by ERI, but not ERI's other claims against Union Oil. ERI will execute a mutual release in favor of KFD. KFD will provide indemnity to ERI and hold it harmless from any third-party claims relating to its claims against ERI in the instant action. This indemnity extends to Union Oil as to the claims relating to the monitoring wells installed by ERI. Under the settlement agreement, KFD and ERI shall bear their own costs and attorney's fees.

On or around May 7, 2013, KFD also reached a settlement agreement with Multimatic. The key terms of that settlement are as follows: Multimatic will pay KFD $650,000. KFD will release and forever discharge Multimatic from any and all claims, whether known or unknown. KFD will dismiss its lawsuit against Multimatic with prejudice. The settling parties have agreed to bear their respective costs and attorney fees.

///
///

3

## III. DISCUSSION

ERI and Multimatic now move for approval of their settlements with KFD. Non-settling Defendant Eureka objects to the proposed settlements on two grounds: (1) to the extent the settlements are governed by state law, Eureka contends that they are not in good faith, and (2) Eureka contends that ERI's settlement with KFD should not affect Eureka's cross-complaint against Union Oil.

### A. Choice of Law

Eureka asks the Court to determine whether state or federal law applies to the settlements. If state law applies, Eureka argues that the Court should reject the settlements because they violate section 877(a) of the California Code of Civil Procedure, which provides that any settlement shall reduce the claims against other non-settling defendants in the amount stipulated by the settlement, or in the amount of consideration paid for it, whichever is greater. Eureka contends that ERI and Multimatic have not attempted to provide a credit to non-settling defendants. Eureka also contends that the settlements are far too low in light of ERI and Multimatic's role in the alleged contamination, and as a result, Eureka's potential liability will be disproportionately increased.

ERI and Multimatic argue that Eureka's concerns are misplaced because their settlements with KFD are governed not by section 877, but by federal common law and the proportionate share principles of the Uniform Comparative Fault Act ("UCFA"). Under the UCFA, "the claim of the releasing person against other persons is reduced by the amount of the released person's equitable share of the obligation." UCFA § 6. Thus, each defendant is liable for its

4

equitable share of the total liability, regardless of the settlements by other defendants.

The Court finds that the claims at issue are governed by the proportionate share approach of the UCFA.  None of the parties appears to object to this approach.  Moreover, federal courts in California have repeatedly adopted the UCFA approach in other multi-party CERCLA cases, including those which also involved pendant state law claims.  See, e.g., AmeriPride Servs. v. Valley Indus. Servs., Case No. CIV. S-00-113-LKK JFM, 2007 U.S. Dist. LEXIS 51364, at *10-11 (E.D. Cal. July 2, 2007); City of Oakland v. Keep on Trucking Co., Case No. C-95-03721-CRB, 1998 U.S. Dist. LEXIS 20213, at *12 (N.D. Cal. Dec. 21, 1998).

Since the effect of settlement agreements is governed by federal law, Eureka's state law objections to the settlements are OVERRULED.

**B.   Union Oil**

The KFD-ERI settlement also resolves claims asserted against Union Oil as they relate to monitoring wells installed by ERI: "Releasors further do hereby and forever release and discharge Union Oil . . . from all Claims relating to the monitoring wells at the Property installed by ERI . . ."  Reyna Decl. Ex. H.  Eureka argues that the KFD-ERI settlement cannot resolve Eureka's cross-complaint against Union Oil because neither Eureka nor Union Oil were parties to the settlement, and KFD has no standing to release Eureka's claims.

ERI responds that "all indemnity and contribution claims involving the ERI monitoring wells should be barred, because to do less, would render the settlement not completely approved and would

5

not result in a full claims bar." Reply at 3.  This argument is predicated on the unfounded assumption that the Court is obligated to approve a complete settlement.  Moreover, ERI has yet to address Eureka's argument that the settling parties lack standing to dismiss Eureka's claims against Union Oil.

ERI further argues that because the UCFA applies to the settlement, KFD, not Eureka, bears the risk from any perceived underpayment under the settlement.  The Court is not convinced.  It is entirely possible that the proposed ERI-KFD settlement could prejudice Eureka's right to seek indemnification or contribution from Union Oil with respect to one or more of the other claims or cross-claims filed against Eureka in this matter.  Without further explanation, the Court declines to allow ERI and KFD to unilaterally dismiss Eureka's claims against Union Oil.  If, as ERI represents, application of the UCFA will protect Eureka from any potential underpayments, then ERI, KFD, and Eureka should have no difficulty reaching a settlement on this issue.

Accordingly, the Court finds that ERI and KFD's settlement does not affect Eureka's claims as they pertain to Union Oil.

## IV.  CONCLUSION

For the foregoing reasons, Multimatic's motion is GRANTED. The settlement agreement between KFD and Multimatic is approved under the applicable federal and state laws.  The provisions of the UCFA apply with respect to the effect of the KFD-Multimatic settlement as to both federal and state law claims.  All claims asserted in this action by KFD against Multimatic are hereby DISMISSED with prejudice.  All claims against Multimatic relating

6

to the facts of this action, including, but not limited to, contribution and indemnity claims that have been or could have been, asserted by any person or entity, in this action or otherwise, whether such claims are or could be brought pursuant to federal or state law, are hereby BARRED.  All pending cross-claims against Multimatic in this action are hereby DISMISSED with prejudice.

ERI's motion is GRANTED in part and DENIED in part.  If KFD and ERI still wish to proceed with their settlement, they shall submit a proposed order consistent with the guidance set forth above.  The proposed order shall be filed via the Court's electronic filing system within ten (10) days of the signature date of this Order.

IT IS SO ORDERED.

November 6, 2013

_____
UNITED STATES DISTRICT JUDGE