**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7                      IN THE UNITED STATES DISTRICT COURT

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   KFD ENTERPRISES, INC.,              )  Case No. 08-04571-SC
                                         )
11              Plaintiff,               )  ORDER GRANTING MOTIONS FOR
                                         )  APROVAL OF REVISED
12       v.                              )  <u>SETTLEMENT</u>
                                         )
13   CITY OF EUREKA, et al.              )
                                         )
14              Defendants.              )
                                         )
15                                       )
     AND RELATED COUNTER- AND CROSS-     )
16   CLAIMS                              )
                                         )
17   _____)

18

19

20   **I.    <u>INTRODUCTION</u>**

21        Plaintiff KFD Enterprises, Inc. ("KFD") brings this action

22   against a number of parties seeking contribution for contamination

23   of a property located at 2907 E Street, Eureka, California (the

24   "Property").  KFD reached a settlement with Environmental

25   Resolutions, Inc. and Cardno USA, Inc. (collectively "ERI"), as

26   well as Union Oil Company of California, Chevron Corporation, and

27   Unocal Corporation (collectively, "Union Oil").  ERI and Union Oil

28   now move for approval of their settlement agreement with KFD.  ECF

United States District Court
For the Northern District of California

No. 655 ("ERI Mot."), 653 ("Union Oil Mot.").  Defendant City of
Eureka ("Eureka") opposes both motions.  ECF Nos. 59 ("Opp'n").[1]
This matter is appropriate for resolution without oral argument per
Civil Local Rule 7-1(b).  For the reasons set for the below, the
motions are GRANTED.

II.   **BACKGROUND**

     KFD commenced dry cleaning operations on the Property, which
included use of PCE, on or about 1980.  On or about 1998, petroleum
hydrocarbon and volatile organic compound contamination was
discovered on the Property, primarily PCE and TCE.  Union Oil,
which owned the Property from 1964 through 1979, investigated the
contamination and hired ERI to install monitoring wells on the
Property.

     In or around 2008, KFD brought suit against several parties,
including Eureka and Union Oil, alleging that they had contributed
to the contamination on the Property.  Among other things, KFD has
asserted state law claims and claims under the federal
Comprehensive Environmental Response, Compensation, and Liability
Act ("CERCLA"), 42 U.S.C. § 9601 et seq.

     ERI was brought into the action via a third-party complaint,
and KFD later named ERI as a direct defendant in the case.  KFD
alleges that ERI's monitoring wells contributed to the
contamination on the Property, and that ERI was acting as Union
Oil's agent when it installed the monitoring wells.  Eureka has
also filed a cross-complaint against Union Oil.

---

[1] The movants have filed replies in support of their motions.  ECF
Nos. 660 ("Union Oil Reply"), 661 ("ERI Reply").

**United States District Court**
For the Northern District of California

1    KFD and ERI reached a settlement agreement on or around June

2  6, 2013.  The key terms of the settlement were as follows: ERI

3  would pay KFD $450,000 in exchange for a release of all claims by

4  KFD arising out of or related to the action, or related to the

5  monitoring wells installed by ERI at the Property.  This included a

6  release of KFD's claims against Union Oil relating to the

7  monitoring wells installed by ERI, but not ERI's other claims

8  against Union Oil.  ERI would execute a mutual release in favor of

9  KFD.  KFD would provide indemnity to ERI and hold it harmless from

10  any third-party claims relating to its claims against ERI in the

11  instant action.  This indemnity extended to Union Oil as to the

12  claims relating to the monitoring wells installed by ERI.  Union

13  Oil was not a party to the settlement agreement.

14    In an Order dated November 6, 2013, the Court declined to

15  approve the KFD-ERI settlement to the extent that it pertained to

16  Union Oil.  ECF No. 641 ("Nov. 6 Order").  The Court found that the

17  parties lacked standing to dismiss Eureka's claims against Union

18  Oil.  Id. at 5.  Further, the Court was not convinced that the

19  proposed settlement would not "prejudice Eureka's right to seek

20  indemnification or contribution from Union Oil with respect to one

21  or more of the other claims or cross claims filed against Eureka in

22  this matter."  Id. at 6.

23    KFD and ERI subsequently revised their settlement agreement to

24  include Union Oil as a party.  As in the original settlement

25  agreement, KFD has agreed to release all claims against ERI

26  "arising out of, involving, or related in any way to any all

27  matters alleged in the Action" in consideration for a payment of

28  $450,000.  ECF No. 655-5 Ex. H ("Rev. Agr.") § 3.1.  KFD has also

1  agreed to release Union Oil "from all Claims relating to the

2  monitoring well at the Property installed by ERI."  Id.  The

3  agreement further provides: "notwithstanding this release, KFD

4  maintains several claims against Union Oil . . . that are not

5  related in any way to the monitoring wells installed by ERI, and

6  such claims are not part of this release."  Id.

7      Eureka objects to the revised settlement arguing, among other

8  things, that settling parties have not addressed the concerns

9  raised in the November 6 Order.

10

11  **III.  DISCUSSION**

12      Eureka objects to the proposed settlement agreement on a

13  number of grounds.  First, Eureka argues that that the agreement is

14  invalid because Union Oil has provided no consideration.  Opp'n at

15  2-3.  As Eureka points out, ERI's insurers have offered to make a

16  $450,000 payment on behalf of both ERI and Union Oil.  Id. at 4.

17  Eureka contends that the settling parties should be forced to

18  explain why these insurers have agreed to make payments on behalf

19  of Union Oil, a party they do not insure.  Id.

20      These objections are unavailing.  Union Oil and ERI have

21  agreed to pay KFD $450,000 in consideration for the release of

22  certain claims.  This is sufficient.  Eureka cites no authority

23  standing for the proposition that consideration is invalid unless

24  it comes from a particular party's bank account.  Moreover, while

25  California law does require the parties to explain the material

26  terms of the settlement agreement, it does not require the settling

27  parties to explain their relationship with an insurance carrier.

28  The parties have provided the Court with a copy of the revised

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1  settlement, and the Court is satisfied that they have sufficiently

2  described the conditions of the settlement.

3      Next, Eureka argues that it would be prejudiced by the

4  proposed settlement because the settlement releases certain claims

5  that it might have against Union Oil.  Opp'n at 6-7.  Eureka

6  asserts that it has claims against Union Oil beyond the monitoring

7  well claims released under the settlement agreement.  Thus, Eureka

8  reasons, an approval of the agreement would prejudice Eureka's

9  right to bring valid cross-claims.  Id.  Eureka further argues that

10 it has direct liability claims against Union Oil relating to the

11 monitoring wells that would be released by the proposed settlement

12 agreement.  Id. at 7-8.  Eureka contends that KFD did not bring

13 such claims, and, therefore, it would be improper for KFD to

14 release claims that it did not bring.  Id.

15     These arguments are also unavailing.  To the extent that

16 Eureka does have claims against Union Oil beyond those related to

17 the monitoring wells, those claims are unaffected by the

18 settlement.  See Rev. Agr. § 3.1.  In any event, based on Eureka's

19 fourth amended counter-claim and cross-claim, it is entirely

20 unclear what claims Eureka has against Union Oil other than those

21 related to the monitoring wells.  See ECF No. 355 ("4ACC").

22 Eureka's opposition brief does nothing to clarify the issue.

23     Eureka's argument that the Court should not dismiss its direct

24 liability claim against Union Oil is also unpersuasive.  As an

25 initial matter, it is unclear that Eureka does have a unique direct

26 liability claim against Union Oil.  Eureka relies on paragraph 34

27 of its 4ACC, which states: "Eureka is informed, believes and

28 alleges that [Union Oil] hired and/or directed ERI for certain

1  aspects of the drilling, installation, control, ownership,

2  operation and maintenance of these monitoring wells, and in so

3  doing, ERI was acting as the agent for [Union Oil]."  There is no

4  discernible difference between this allegation and KFD's claim that

5  Union Oil should be held vicariously liable for the actions of ERI.

6  More importantly, even if Eureka does have a unique direct claim

7  against Union Oil, dismissal of that claim will not prejudice

8  Eureka.  While Eureka's putative direct claim might affect the

9  apportionment of damages between Eureka and Union Oil, the issue of

10  apportionment is moot since both parties are settling for a lump

11  sum of $450,000.  Finally, the only relief sought by Eureka is

12  indemnification and contribution for any damages imposed against it

13  for contamination of the Property.  Eureka has not explained how an

14  approval of the settlement would affect its right to seek

15  indemnification or contribution.

16

17  **IV.  <u>CONCLUSION</u>**

18      For the foregoing reasons, ERI and Union Oil's motion to

19  approve their settlement with KFD is granted.  The provisions of

20  the Uniform Comparative Fault Act will apply with respect to the

21  effect of the settlement as to both federal and state law claims.

22  All claims asserted by KFD against ERI and Union Oil relating to

23  the monitoring wells installed by ERI on the Property are hereby

24  DISMISSED with prejudice.  All claims against ERI and Union Oil

25  regarding the monitoring wells installed by ERI, including

26  contribution and indemnity claims that have been or could have been

27  asserted by any person or entity, in this action or otherwise,

28  whether such claims are or could be brought pursuant to federal or

state law, are hereby BARRED.  ERI's counterclaims against KFD are
DISMISSED with prejudice.  All pending cross-claims against ERI in
this action are hereby DISMISSED with prejudice.

     IT IS SO ORDERED.

     February 5, 2014                 
                               _____
                               UNITED STATES DISTRICT JUDGE