United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KFD ENTERPRISES, INC.,              ) Case No. 08-cv-04571-SC
                                    )
            Plaintiff,              ) ORDER ON CROSS MOTIONS FOR
                                    ) SUMMARY JUDGMENT
      v.                            )
                                    )
CITY OF EUREKA, et al.              )
                                    )
            Defendants.             )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
_____ )

**I.  INTRODUCTION**

     Now before the Court are Defendant City of Eureka's ("Eureka")
and Plaintiff KFD Enterprises, Inc.'s ("KFD") cross motions for
summary judgment.  The motion is fully briefed, ECF Nos. 672, 675,
684, 674, 683, 684, and appropriate for determination without oral
argument per Civil Local Rule 7-1(b).  For the reasons set forth
below, Defendant Eureka's motion for summary judgment is DENIED.
Plaintiff KFD's motion for summary judgment is GRANTED in part and
DENIED in part.
//

**United States District Court**
For the Northern District of California

## II. **BACKGROUND**

This case arises out of environmental contamination that occurred at 2907 E St., Eureka, California.  KFD has operated a dry cleaning business, Norman's Dry Cleaners ("Norman's"), there since 1980.  ECF No. 410 ("FAC") ¶¶ 5, 17.  KFD used a chemical called tetrachloroethylene ("PCE") during the dry cleaning process and disposed of wastewater containing PCE through drains on its property.  Id. ¶ 22(3).  The soil and groundwater around Norman's is now contaminated with PCE, and the California Regional Water Quality Control Board ("RWQCB"), North Coast Region, is overseeing investigation and cleanup of the site.  ECF No. 675-26 ("KFD RJN II") Ex. B.  KFD asserts that Eureka contributed to the contamination by failing to properly maintain its municipal sewers.  KFD claims that PCE leaked out of the sewers, causing the contamination.  ECF No. 675 ("KFD Opp.") at 1-2.

KFD brought this action under the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq.; the federal Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 et seq.; and the California Hazardous Substance Account Act ("HSAA"), Cal. Health & Safety Code § 25300 et seq.  KFD also sued Eureka for equitable indemnity, contribution, public nuisance, public nuisance per se, private nuisance, dangerous condition of public property, and declaratory relief.  FAC ¶¶ 32-102.  Eureka has counterclaimed under CERCLA and the HSAA, as well as for equitable indemnity, contribution, and declaratory relief.  Eureka moves for summary judgment on all of KFD's claims.  ECF No. 672 ("Eureka MSJ") at 1-2.  KFD has moved for partial summary judgment on its own RCRA claim and all of

Eureka's counterclaims, except for its claim for contribution under CERCLA § 113(f).  ECF No. 674 ("KFD MSJ") at 1.

### III.  **LEGAL STANDARD**

Entry of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment should be granted if the evidence would require a directed verdict for the moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251 (1986).  "A moving party without the ultimate burden of persuasion at trial -- usually, but not always, a defendant -- has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." <u>Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.</u>, 210 F.3d 1099, 1102 (9th Cir. 2000).

"In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." <u>Id</u>.  "In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." <u>Id</u>.  "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Anderson</u>, 477 U.S. at 255.  However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." <u>Id.</u> at 252.

United States District Court
For the Northern District of California

IV. **DISCUSSION**

    A.   **Requests for Judicial Notice**

    In their briefs, both parties have submitted requests for judicial notice. ECF Nos. 672-8 ("Eureka RJN I"), 674-21 ("KFD RJN I"), KFD RJN II, 683-1 ("Eureka RJN II"). Facts subject to judicial notice are those which are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may not take judicial notice of a matter that is in dispute. Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001). Eureka's first request for judicial notice refers only to an order issued by Judge Chesney in this case. As Eureka notes in its request, that order is already part of the record. It is therefore unnecessary for the Court to take notice of the order.

    Eureka's second request for judicial notice was made in support of its opposition to KFD's motion. Eureka RJN II. Eureka requests that the Court take notice of a series of letters from the RWQCB to Eureka. KFD objects that the request is untimely and that Eureka failed to produce the documents to be noticed in discovery. ECF No. 684 ("KFD Reply") at 4. However, Eureka is correct that these documents are matters of public record, so the objection is OVERRULED. The first letter (Ex. 1) is an acknowledgment by Eureka that it received a copy of RWQCB's reimbursement process and an agreement that the city would participate in the cost recovery program. Because the document is an act of the city government and it appears to be undisputed that Eureka has agreed to reimburse some of RWQCB's costs, the Court takes judicial notice of Exhibit

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1.  The second letter is an estimate of the RWQCB's costs related to Norman's for the 2012/2013 fiscal year.  The Court takes notice only of the fact that these estimates were made.  Exhibit 3 is a letter detailing suggested changes to a report prepared by an environmental consultant for Eureka's attorneys.  The Court takes notice only of the document's existence and that the findings and recommendations therein were made.

KFD's first request for judicial notice comes in support of its motion.  The Court takes notice of Facts 2-5 and 8.  Facts 2-5 refer to documents that have been filed publicly, and KFD requests only that the Court notice their existence.  The Court does so. Fact 8 is a reference to the Code of Federal Regulations, and the Court takes notice of that fact as well.  Facts 1, 7, and 9, however, are technical documents and opinions, and KFD apparently seeks judicial notice of the facts contained therein.  Facts 1 and 9 refer to documents issued by the RWQCB, a public agency.  The Court takes notice of those documents solely for the purpose of establishing that the RWQCB has made the findings or recommendations therein.  The findings themselves are not considered established for the purposes of this litigation, as the Court is not persuaded that the expert findings are capable of immediate and accurate determination by a source whose accuracy cannot reasonably be questioned, or that they are not in dispute. Fact 7 refers to a draft remedial action plan prepared by an environmental consultant retained by KFD's attorneys on behalf of Norman's.  KFD argues that judicial notice is proper because the document was submitted to the RWQCB and is therefore a matter of public record.  However, submission of a document by a private

United States District Court
For the Northern District of California

party to a government agency does not transform the document into an official act of that agency.  Additionally, many of the facts contained in the report are in dispute, which alone renders the document inappropriate for judicial notice.  The Court takes notice only that the document exists, but takes no notice of its contents. Fact 5 is a reference to KFD's original complaint in this matter. Again, that document is already part of the record, and judicial notice is unnecessary.

KFD's second request for judicial notice was made in support of its opposition to Eureka's motion.  KFD RJN II.  The Court takes notice of Facts 2, 3, 4, and 5.  The Court takes notice of Fact 1 only insofar as it recognizes that the RWQCB has created a draft plan, but does not take notice of any of the facts contained therein.

### B.   Evidentiary Objections

The parties have also made a number of evidentiary objections. KFD first objects to Exhibits 35, 38, 39, and 58 to the declaration of Charles Bolcom in support of Eureka's motion (ECF No.672-3) on grounds of lack of foundation and lack of personal knowledge.  KFD Opp. at 29-30.  Eureka has provided the necessary foundation and met the personal knowledge and foundational requirements by supplying deposition testimony.  Those objections are OVERRULED.

In the same brief, KFD objects to the declaration of Bruce Young (ECF No. 672-2) as a sham declaration.  "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991).

United States District Court
For the Northern District of California

1   The Ninth Circuit has added two additional requirements that must

2   be met before a declaration can be stricken as a sham.  First, "the

3   district court must make a factual determination that the

4   contradiction was actually a 'sham.'"  Id. at 267.  Second, "the

5   inconsistency between a party's deposition testimony and subsequent

6   affidavit must be clear and unambiguous . . . ."  Van Asdale v.

7   Int'l Game Tech., 577 F.3d 989, 998 (9th Cir. 2009).

8        KFD takes issue with Mr. Young's statement in his declaration

9   that "[i]f [KFD] had informed the City that it was disposing PCE

10  and/or PCE waste into the City sewer system at any time, that

11  information would be documented in a City record."  ECF No. 672-2 ¶

12  4 (emphasis added).  KFD asserts that that statement contradicts

13  Mr. Young's deposition testimony that Eureka's record retention

14  policy is "mostly current year plus two years."  ECF No. 675-1

15  ("Graben Decl.") Ex. E at 49:10-21.  The Court first notes that the

16  exhibit purported to contain Mr. Young's contradicted testimony is

17  not even a deposition of Mr. Young.  KFD cites to the declaration

18  of Jan Greben, Exhibit C (ECF No. 675-4), which is a deposition of

19  David Parson and includes no discussion of the issue.  See KFD Opp.

20  at 30.  The Court presumes that KFD intended to refer to Exhibit E

21  (ECF No. 675-6), which appears to be the correct deposition of Mr.

22  Young.

23       The Court finds that paragraph four of Mr. Young's declaration

24  is a sham.  Mr. Young's declaration was made in March 2014.  His

25  deposition testimony indicates that Eureka keeps records for the

26  current year, plus two years.  That means 2012-2014.  Given that

27  most of the conduct giving rise to this case occurred between 1980

28  and 2003, it seems highly unlikely that Eureka would have a record

**United States District Court**
For the Northern District of California

of the type Mr. Young discusses if the city follows its retention policy.  Indeed, Mr. Young claims in his declaration that Eureka would have a record of KFD informing it about the PCE at any time, which is clearly contrary to the city's retention policy.  In response, Eureka claims that the city records vary by circumstance. However, the only exception to the current year plus two year policy that Mr. Young notes in his deposition is for maps.  Graben Decl. Ex. E at 49:16.

Mr. Young's assertion that Eureka would retain a record indefinitely clearly and unambiguously contradicts his deposition testimony that Eureka typically retains only a few years of records.  Mr. Young's conclusive statement that the city would have a record of the type he discusses is inexplicable except as an attempt to create an issue of material fact by contradicting his deposition testimony.  Accordingly, the Court SUSTAINS KFD's objection and STRIKES paragraph four of Mr. Young's declaration. However, KFD's objection on the same grounds to paragraph five of the declaration, which states that Mr. Young was unable to find such a document in his search of the city records, is OVERRULED. That statement does not contradict his deposition testimony.

KFD also objects to the declaration of Eric Price, ECF No. 674-15, and Exhibit 1 thereto.  This objection, and the corresponding exhibit, deals only with an element of KFD's RCRA claim that does not affect the Court's analysis of these motions. Consequently, the Court declines to rule on that objection at this time.

Eureka objects to all of the exhibits attached to the declaration of Brett Boon (ECF No. 674-2 Exs. A-N) in support of

**United States District Court**
For the Northern District of California

KFD's motion on the grounds of lack of personal knowledge and hearsay.  ECF No. 683 ("Eureka Opp.") at 23-24.  The objections based on lack of personal knowledge are OVERRULED.  Regarding the hearsay objections, it appears from Eureka's brief that it objects to the testimony of Mr. Young and Mr. Parson during their depositions as hearsay.  Those objections are OVERRULED.  "To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."  Block v. City of Los Angeles, 253 F.3d 410, 418-19 (9th Cir. 2001).  The live testimony of the deponents is an admissible form of the evidence that KFD could present at trial.

Finally, Eureka objects to certain invoices detailing payments owed by KFD to its environmental consultant.  That objection is disposed of in the fuller discussion of that evidence in Part IV.C.2, below.

**C.  <u>KFD's CERCLA Claims</u>**

CERCLA provides for recovery of "necessary costs of response" (known as response costs) from certain potentially responsible parties ("PRPs") for releases of hazardous substances.  42 U.S.C. § 9607(a).  To establish liability under that provision, a plaintiff must prove that (1) the site at issue is a "facility" as defined in the law; (2) a release or threatened release of hazardous materials from the facility has occurred; and (3) the plaintiff incurred response costs "consistent with the national contingency plan" ("NCP") as a result.  Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1152 (9th Cir. 1989).  Each party has moved for summary

judgment on the other's CERCLA claims.

### 1.    Potentially Responsible Party

CERCLA provides for recovery of response costs from four classes of "PRPs": (1) the current owner and operator of a facility; (2) a past owner or operator of a facility; (3) a person who arranged for disposal, treatment, or transport of a hazardous substance; and (4) any person who accepts hazardous substances for transport to disposal or treatment facilities.  42 U.S.C. § 9607(a).  KFD claims that Eureka is liable as a transporter under subsection (4), as an arranger under subsection (3), and as an owner or operator of the sewer system (also potentially a CERCLA facility) under subsection (1).  Most of the parties' pleadings focus on Eureka's status as an arranger or transporter.  However, the Court finds that there is a genuine issue of material fact as to whether Eureka may be considered an owner or operator.  Consequently, the Court need not decide whether Eureka may be liable as a transporter or arranger to deny summary judgment on this ground.

The case most on point is Adobe Lumber, Inc. v. Hellman, 658 F. Supp. 2d 1188 (E.D. Cal. 2009).  As here, Adobe Lumber involved a dry cleaner that disposed of PCE through a floor drain that connected to a municipal sewer.  And, as in this case, owners of the property on which the dry cleaner operated alleged that leaks in the municipal sewer had contributed to the site's contamination. The city in Adobe Lumber argued that (1) CERCLA exempts public sewers from its definition of "facility," and (2) the site had to be construed as a single facility, so the city could not be considered the owner of a separate facility.  Id. at 1193, 1202.

**United States District Court**
For the Northern District of California

The district court rejected both arguments.  Following precedent developed in the Fourth Circuit, it found that publicly owned sewers are CERCLA facilities.  Id. at 1193-1202 (discussing Westfarm Assocs. Ltd. P'ship v. Wash. Suburban Sanitary Comm'n, 66 F.3d 669, 678 (4th Cir. 1995)).  The district court also held that "the primary source for determining the number of relevant facilities is the plaintiff's complaint."  Id. at 1203-04.  Because the site at issue in Adobe could be "reasonably or naturally divided into multiple parts" (the sewer and the property above it), the city could be construed as the owner of a separate facility. Id.  The Adobe court held that the plaintiff had made its prima facie case against the city.  Though this Court is bound by neither the Fourth Circuit nor the Eastern District of California, it finds the logic followed in those cases persuasive.  CERCLA did not exempt publicly owned treatment works, including sewers, from its definition of facility.

A Ninth Circuit case complicates the picture.  In Fireman's Fund Insurance Co. v. City of Lodi, the Court of Appeals noted that "it is doubtful whether [the city of] Lodi may be considered a PRP merely as a result of operating its municipal sewer system."  302 F.3d 928, 945 (9th Cir. 2002).  However, the only case cited in support of that proposition was another case from the Eastern District of California: Lincoln Properties, Ltd. v. Higgins, 823 F. Supp. 1528 (E.D. Cal. 1992).  Lincoln Properties is not entirely applicable here, because much of the sewer system in that case was owned by the plaintiff, the holder of the private property where the contamination occurred.  Id. at 1533-34.

For the section of sewer that was owned by the defendant, San

United States District Court
For the Northern District of California

Joaquin County, the Lincoln court determined that the County was an owner for purposes of CERCLA liability.  Id. at 1535.  The court also held that leakage from the County's sewers constituted a release under CERCLA.  Id. at 1536-38 ("[A]s a matter of law, the County may be liable for releases from its facilities -- viz its portion of the sewer and its wells.").  Finally, the Lincoln court even determined that there was "evidence of releases from County's facilities sufficient to withstand summary judgment."  Id. at 1538. The Lincoln court's decision to grant summary judgment for the County was not based on a finding that the County was not a PRP, but rather a decision that the County had proved that it was entitled to the "innocent third party defense."  Id. at 1544 ("[T]he County has established by uncontroverted evidence all the elements of the third party defense.  Thus . . . the County is not subject to liability on the CERCLA claims against it.").  That defense requires the defendant to prove (1) that the release was caused solely by a third party; (2) that the defendant exercised due care with respect to the hazardous substance; and (3) that the defendant took precautions against the foreseeable acts or omissions of the third party. 42 U.S.C. § 9607(b)(3).  Eureka has not made those showings.

Eureka owned and operated the sewer, which may qualify as a CERCLA facility.  The clear weight of authority indicates that the owner of a municipal sewer may be liable under CERCLA for contamination caused by leakage therefrom.  There remain genuine issues of material fact as to whether and to what extent Eureka is liable for releases of PCE from its sewer.  Eureka's motion for summary judgment on the ground that it is not a PRP is DENIED.

United States District Court
For the Northern District of California

### 2.   **KFD's Response Costs**

Eureka argues that KFD has not incurred any response costs and, therefore, is not entitled to any recovery under CERCLA. Eureka Mot. at 15.  On the issue of damages, "[s]ummary judgment is appropriate where appellants have no expert witnesses or designated documents providing competent evidence from which a jury could fairly estimate damages."  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 808 (9th Cir. 1988).

KFD claims that it has incurred response costs because it paid consultants to investigate environmental contamination on its property.  Specifically, KFD claims that it paid two firms -- Winzler & Kelly ("Winzler") and West Environmental Services and Technology ("WEST") -- to assess contamination of its property. KFD Opp. at 17-19; ECF No. 675-20 ("Daer Decl.").  In support of this claim, KFD offers (1) a series of invoices from Winzler (Daer Decl. Ex. A); (2) the declaration of Kenneth Daer, founder and owner of KFD (EDaer Decl.), that KFD paid those invoices; (3) invoices from WEST (ECF No. 672-3 Exs. 53-55); and (4) a declaration from Peter Krasnoff, Principal Engineer at WEST, stating that KFD remains liable for WEST's unpaid invoices (ECF No. 675-15, "Krasnoff Decl.").

Eureka makes two arguments in response.  First, Eureka objects to the Winzler invoices on the grounds that they are not properly authenticated and are hearsay.  Second, Eureka argues that KFD's costs have either been paid or reimbursed by its insurance companies, administrators, or attorneys.  Eureka claims that costs reimbursed or not paid directly are unrecoverable under CERCLA.

The Court finds that the Winzler invoices have been properly

13

authenticated and accordingly OVERRULES Eureka's objection on that ground.  An item or document may be authenticated by a witness with knowledge who testifies that the item is what it is claimed to be. Fed. R. Evid. 901(b)(1).  In this case, the sworn declaration of Mr. Daer (to whom the invoices are addressed) includes the statement that the documents are "invoices I paid to my then consultant, Winzler, relating to costs incurred investigating the environmental contamination."  Daer Decl. ¶ 6.  That testimony is sufficient to authenticate the documents.

In response to the hearsay objection, KFD asserts that the invoices are not offered for the truth of the matters asserted therein, such as "specific work conduct or amounts," but for the limited purpose of demonstrating that KFD's costs were not reimbursed by its insurers.  ECF No. 682 at 3.  However, admitting the documents for that purpose alone may be insufficient to defeat summary judgment.  As McGlinchy indicates, merely demonstrating that some recovery is possible is not enough; a plaintiff must establish a basis for estimating damages.  854 F.2d at 808. Because KFD has not argued or laid proper foundation for a hearsay exception, the Court cannot consider the documents as though they had been admitted into evidence.

Nonetheless, a party seeking to avoid summary judgment need not produce evidence in an admissible form, so long as the contents would likely be admissible at trial.  In this case, the Court is satisfied that the invoices combined with Mr. Daer's sworn statement provide a basis for estimating damages that would likely be admissible at trial.  The Court finds that there is sufficient evidence for a competent trier of fact to estimate damages and that

**United States District Court**
For the Northern District of California

1  Eureka is not entitled to summary judgment on this basis.

2      Eureka next argues that any costs KFD incurred are not

3  recoverable because they were paid, or reimbursed, by third

4  parties.  KFD replies that some of its costs were not reimbursed,

5  that its insurance liability has not been settled, and that it may

6  be required to reimburse its insurers with any recovery it may

7  secure in this case.  Therefore, KFD claims, it may seek recovery

8  even of costs that were paid or reimbursed by its insurers.  The

9  Court finds it unnecessary to rule on the complex issues of

10  insurance payment and reimbursement at this point because KFD has

11  shown that at least some of its costs have not been paid or

12  reimbursed by any third party.  KFD has demonstrated that there is

13  a genuine issue of material fact as to whether it incurred recovery

14  costs.  Eureka is not entitled to summary judgment on the grounds

15  that KFD has not incurred response costs.

16          **3.   Eureka's Response Costs**

17      Eureka has counterclaimed for recovery costs under CERCLA,

18  both for recovery of response costs under § 107(a) and for

19  contribution under § 113(f).  ECF No. 355 at 19-21.  KFD argues

20  that Eureka has not incurred any response costs.  In response,

21  Eureka has produced two letters.  First is an acknowledgment from

22  the City Manager that Eureka agrees to "reimburse the [RWQCB]'s

23  costs associated with oversight" of the cleanup at Norman's Dry

24  Cleaners.  ECF No. 683-1 Ex. 1.  The second is a letter from an

25  RWQCB geologist estimating some of the costs for which the RWQCB

26  might seek reimbursement.  ECF No. 683-1 Ex. 2.  While Eureka is

27  correct that the evidence it has produced in support of its

28  counterclaim is similar to that which KFD produced in support of

1    its initial claim, the law nonetheless bars Eureka's recovery.

2         The Supreme Court has made it clear that a party seeking

3    recovery of response costs under CERCLA § 107(a) must incur its own

4    response costs.  Reimbursing costs paid by someone else does not

5    suffice: "[B]y reimbursing response costs paid by other parties,

6    the PRP has not incurred its own costs of response and therefore

7    cannot recover under § 107(a)."  United States v. Atl. Research

8    Corp., 551 U.S. 128, 139 (2007).  Eureka's evidence of response

9    costs is limited to its reimbursement of the RWQCB, and it

10   therefore cannot recover under § 107(a).  KFD's motion for summary

11   judgment on Eureka's first claim for relief in its fourth amended

12   counterclaim is GRANTED.  However, Eureka's counterclaim for

13   contribution under § 113(f) survives.  See id. ("As a result,

14   though eligible to seek contribution under § 113(f)(1), the PRP

15   cannot simultaneously seek to recover the same expenses under

16   § 107(a).").

17            **4.   The National Contingency Plan**

18        CERCLA also requires that a response to a release of hazardous

19   materials be consistent with the NCP.  A private party's response

20   is consistent with the NCP if the response, "when evaluated as a

21   whole, is in substantial compliance with the applicable

22   requirements [of the NCP], and results in a CERCLA-quality

23   cleanup."  40 CFR § 300.700(c)(3)(I) (2014).  Eureka alleges that

24   KFD's response costs are inconsistent with the NCP and are

25   consequently unrecoverable.  Eurkea's argument is based on the

26   assertion that KFD has failed to obtain public comment concerning

27   the response action.  Substantial compliance with the public

28   comment requirement is an essential element in demonstrating

United States District Court

For the Northern District of California

16

United States District Court
For the Northern District of California

consistence with the NCP.  See City of Oakland v. Nestle USA, Inc., C-98-3963 SC, 2000 WL 1130066 (N.D. Cal. Aug. 8, 2000) (holding that "[f]ailure to comply with the public participation requirement alone is enough" to find lack of substantial compliance with the NCP).

KFD has produced evidence of its compliance with the public comment requirements.  It has (1) participated in preparing and mailing a fact sheet describing investigation into the environmental contamination and inviting public comment, KFD RJN II Ex. B; (2) published information on the investigation in the Eureka newspaper, Krasnoff Decl. ¶ 7 Ex. B; (3) made available WEST's feasibility study at the Humboldt County Library and online, Krasnoff Decl. ¶ 8; (4) met with interested parties; and (5) presented information at a public meeting held in 2007, Krasnoff Decl. ¶ 9; KFD RJN II Exs. D, E.

Nonetheless, Eureka argues that KFD's efforts at compliance are insufficient because KFD has not sought public comment on its proposed remediation plan.  However, as KFD points out, such comment would be premature because the RWQCB has not approved the plan.  Eureka agrees that public comment may be sought only after a remediation plan is chosen.  But Eureka still insists that KFD must still seek public comment on the plan to make a CERCLA claim, even though no plan has been approved at this point.

Eureka's argument seems to be that KFD must wait until the RWQCB has approved a remediation plan and seek public comment on the approved before filing a CERCLA action.  The Ninth Circuit has explicitly rejected that reading of CERCLA: "[T]here is nothing in the plain language of section 107(a) that indicates that a party

seeking to recover its costs of response must await approval of or action by a state or local government entity. . . . Indeed, there is no indication in the statute that prior approval or action by a state or local government is either necessary or desirable." Cadillac Fairview/California, Inc. v. Dow Chemical Co., 840 F.2d 691, 694-95 (9th Cir. 1988).

None of the cases Eureka cites can be interpreted as creating a requirement that government approval of a remedial plan is an element of a CERCLA § 107(a) claim.  KFD has produced evidence that it has sought public comment on remedial actions it has taken so far, and the parties agree that public comment on proposed plan would be premature.  Those facts are sufficient to establish the existence of a genuine issue of material fact as to whether KFD has substantially complied with the CERCLA public comment requirements. Eureka is not entitled to summary judgment on these grounds. Eureka's motion for summary judgment is DENIED as to KFD's § 107(a) CERCLA claim.

### 5.    **Declaratory Relief and Timing of Review**

Eureka next argues that KFD's lack of a viable § 107(a) claim defeats KFD's declaratory relief claim and divests this Court of jurisdiction.  Those arguments depend on the assumption that KFD has no viable § 107(a) claim.  Because the Court finds that KFD's § 107(a) claim survives summary judgment, Eureka's arguments regarding the declaratory relief claim and lack of jurisdiction are unavailing.

//

//

//

**D.    RCRA**

The Resource Conservation and Recovery Act (RCRA) authorizes private suits against "any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment."  42 U.S.C. § 6972(b).  KFD seeks to recover costs from Eureka under RCRA, and both KFD and Eureka move for summary judgment on this claim.  Both motions are DENIED.

Eureka claims that it did not contribute to the handling, storage, treatment, transportation, or disposal or any hazardous waste.  The parties present competing interpretations of what "contribute" means for the purposes of RCRA.  Courts in this district have held, following direction from the Seventh Circuit, that "contributed to" means "that some affirmative action is required on the part of the defendant, rather than merely passive conduct."  Sullins v. Exxon/Mobil Corp., 08-04927 CW, 2011 WL 8077086 at *3 (N.D. Cal. Jan. 26, 2011); see also Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc., 2012 U.S. Dist. LEXIS 32644 at *25 (N.D. Cal. Mar. 12, 2012).

KFD has produced evidence that Eureka's sewer was poorly designed and has leaked for decades, that Eureka has known of the leaks since the 1980s, and that Eureka has failed to fix the sewer.  See ECF No. 674-18 Ex. A at 10-15, 21.  Eureka has produced contrary expert evidence to contest those assertions.  Whether the design of the sewer, any leakage that occurred, and Eureka's

United States District Court
For the Northern District of California

knowledge of that leakage constitute affirmative acts sufficient to render Eureka a contributor to the contamination is an unresolved question of fact.  Accordingly, both parties' motions for summary judgment on the RCRA claim are DENIED.

    **E.   <u>HSAA</u>**

        **1.   <u>KFD's HSAA Claim Against Eureka</u>**

    Eureka makes two arguments regarding KFD's claim under the California Hazardous Substance Account Act (HSAA).  First, Eureka argues that, because the HSAA incorporates CERCLA liability standards, the HSAA claim fails because the CERCLA claim fails. Again, because Eureka's CERCLA claim survives summary judgment, that argument is unpersuasive.  In the alternative, Eureka argues that CERCLA's double recovery prohibition bars the HSAA claim.  <u>See</u> 42 U.S.C. § 9614(b) ("Any person who receives compensation for removal costs or damages or claims pursuant to this chapter shall be precluded from recovering compensation for the same removal costs or damages or claims pursuant to any other State or Federal law.").  Though KFD may not recover the same costs under both CERCLA and HSAA, summary judgment is not the appropriate time to consider that issue.  CERCLA prohibits double recovery, but nothing in CERCLA precludes concurrent liability under state law.  Indeed, in support of its own state law counterclaims in addition to its CERCLA counterclaims, Eureka reminds the Court that a claimant has a "right to pursue multiple, different legal theories, in which to seek its relief."  <u>See</u> ECF No. 683 at 22.  Eureka's motion for summary judgment on the HSAA claim is DENIED.

//

**United States District Court**
For the Northern District of California

### 2. Eureka's HSAA Claim Against KFD

KFD argues that Eureka's HSAA claim against it must fail based on the same argument it made against Eureka's CERCLA § 107(a) claim. The HSAA incorporates many of its standards and definitions from CERCLA, resulting in similar standards for liability. See Cal. Health & Saf. Code §§ 25310, 25323.3. Most importantly, the section that forms the basis of Eureka's claim provides relief only for "[a]ny person who has incurred removal or remedial action costs." Id. § 25363(e). Though § 25363(e) is analogous to CERCLA § 113(f) in that both provide rights to contribution, the key difference is that HSAA § 25363(e) limits recovery to costs "incurred", while CERCLA § 113(f) does not. The word "incurred" was the key distinction in Atlantic Research, and the Supreme Court left no doubt that "incurred" excludes payments to reimburse the costs of others. 551 U.S. at 139. Because the HSAA adopts liability standards from CERCLA, the meaning of the word "incurred" creates the same requirement for recovery under § 25363(e) as it does for § 107(a). Eureka has produced evidence only that it might reimburse the RWQCB's costs, and therefore it cannot seek contribution under that section. KFD's motion for summary judgment on Eureka's fourth and fifth claims for relief in its fourth amended counterclaim is GRANTED.

### F. KFD's Other State Law Claims

KFD has brought both public and private nuisance claims and claim for dangerous condition of public property under California law. Eureka moves for summary judgment on all state law claims. //

United States District Court
For the Northern District of California

### 1.   **Statute of Limitations**

Eureka alleges that the statute of limitations period has run on KFD's state law claims, including nuisance.  The basis of this claim is both California's general three year statute of limitations, Cal. Civ. Proc. Code § 338, and California's requirement that a plaintiff suing a public entity present an administrative claim "not later than one year after accrual of the cause of action."  Cal. Gov. Code §§ 911.2(a), 945.4.  That latter requirement was the basis of Judge Chesney's 2011 order dismissing all of KFD's state law claims that accrued prior to March 6, 2007.  See ECF No. 458 at 4-5.  Eureka argues that KFD cannot prove any damages since March of 2007.  However, KFD argues that Eureka's sewer continues to leak, and has produced evidence that the sewer remains in poor condition.  Based on the evidence that the sewer has been leaking for decades, with no indication that it has been fixed, a reasonable trier of fact could find that KFD's state law claims are based on continuing leakage and that the statute of limitations has not expired.  Eureka's motion for summary judgment on the ground that the statute of limitations has run on KFD's state law claims is DENIED.

### 2.   **Preemption**

Eureka next argues that CERCLA preempts KFD's state law claims.  But "CERCLA does not completely occupy the field of environmental regulation."  ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000).  Indeed, CERCLA includes several provisions indicating Congress's desire to avoid interfering with state law claims.  See 42 U.S.C. § 9614(a) ("Nothing in this chapter shall be construed or

United States District Court
For the Northern District of California

interpreted as preempting any State from imposing any additional
liability or requirements with respect to the release of hazardous
substances ..."); 42 U.S.C. § 9652 ("Nothing in this chapter shall
affect or modify in any way the obligations or liabilities of any
person under other Federal or State law, including common law, with
respect to releases of hazardous substances or other pollutants or
contaminants."). Because CERCLA does not occupy the field of
hazardous substance regulation, Eureka's preemption claim must be
based on conflict preemption.

Conflict preemption exists "where 'compliance with both the
federal and state regulations is a physical impossibility,' or when
the state law stands as 'an obstacle to the accomplishment and
execution of the full purposes and objectives of Congress.'"
Fireman's Fund Ins. Co. v. City of Lodi, 302 F.3d 928, 943 (9th
Cir. 2002) (quoting Cal. Fed. Sav. and Loan Ass'n v. Guerra, 479
U.S. 272, 281 (1987)). Though it has not ruled on preemption as it
applies to the causes of action that KFD brings, Ninth Circuit has
expressly held that CERCLA does not preempt state law contribution
claims, despite the existence of CERCLA's own contribution scheme.
City of Emeryville v. Robinson, 621 F.3d 1251, 1262 (9th Cir. 2010)
(holding that the text of CERCLA "precludes any finding of
preemption as to state law claims for contribution"). Recognizing
state law tort claims in addition to, or instead of, CERCLA claims
neither makes compliance with CERCLA impossible nor stands as an
obstacle to its goals.[1] The Court finds that CERCLA does not

---

[1] District courts are divided as to whether CERCLA preempts these
types of state law claims, but most have held that CERCLA does not
preempt state law claims. See, e.g., Carolina Cas. Ins. Co. v.
Oahu Air Conditioning Serv., Inc., CIV. 2:13-1378 WBS A, 2014 WL

United States District Court
For the Northern District of California

preempt these claims -- notwithstanding CERCLA's prohibition on double recovery -- and DENIES Eureka's motion for summary judgment on this ground.

### 3. **Private Nuisance**

Eureka argues that it cannot be liable for nuisance because its involvement in the contamination, if any, was limited to failing to maintain its sewer.  However, knowledge of the contamination may be sufficient to sustain a nuisance action under California law.  See Redevelopment Agency of City of Stockton v. BNSF Ry. Co., 643 F.3d 668, 674 (9th Cir. 2011) (interpreting California nuisance law as requiring that contamination be "active, affirmative, or knowing" to constitute nuisance) (emphasis added). KFD has presented some evidence that Eureka was aware that its sewer was leaking and that PCE was reaching its wastewater treatment plant.  Graben Decl. Ex. E at 166.  Whether that evidence is sufficient to prove Eureka's liability is an issue for the trier of fact.  Eureka's motion for summary judgment on this ground is DENIED.

//

//

---

309557 at *5-*6 (E.D. Cal. Jan. 28, 2014) (CERCLA did not preempt common law claims for apportionment of fault, contribution, indemnity, and subrogation); Bd. of Cnty. Comm'rs v. Brown Grp. Retail, Inc., 598 F. Supp. 2d 1185, 1192-95 (D. Colo. 2009) (CERCLA did not preempt state law negligence and abnormally dangerous activity claims); Quapaw Tribe v. Blue Tee Corp., 03-CV-0846-CVE-PJC, 2009 WL 455260 (N.D. Okla. Feb. 23, 2009) (CERCLA did not preempt nuisance, strict liability, or trespass claims) ; City of Waukegan, Ill. v. Nat'l Gypsum Co., 587 F. Supp. 2d 997, 1011 (N.D. Ill. 2008) (CERCLA did not preempt claim under Illinois Water Pollutant Discharge Act); S. Cal. Water Co. v. Aerojet-Gen. Corp., CV 02-6340ABCRCX, 2003 WL 25537163 at *6-*7 (C.D. Cal. Apr. 1, 2003) (CERCLA did not preempt state law claims for nuisance, trespass, and negligence per se).

**United States District Court**
For the Northern District of California

### 4.  **Public Nuisance**

Eureka claims that KFD has failed to show that it has suffered harm different in kind to that of the public.  But the reason for this case is that KFD's property has been contaminated.  As discussed previously, the contamination of KFD's private property has required it to conduct environmental assessments of its property.  The public at large has not been responsible for those investigations.  KFD therefore may have suffered damage to its property that differs in kind from the health risk to the general public.  Whether this damage is sufficiently different in kind to establish a claim of public nuisance, and whether it is attributable to Eureka's actions remain genuine issues of fact. Eureka's motion for summary judgment on this claim is DENIED.

### 5.  **Dangerous Condition of Public Property**

Eureka contests the dangerous condition claim on much the same grounds as the nuisance claim: that Eureka lacked actual or constructive knowledge of the release of PCE.  As discussed above, KFD has produced evidence sufficient to create a genuine issue of material fact on this issue.  Eureka's motion for summary judgment on this claim is DENIED.

### G.  **Eureka's Other State Law Claims**

Eureka brings claims under state law for equitable indemnity, contribution and declaratory relief.  KFD argues that these claims are preempted by CERCLA.  The Ninth Circuit disagrees: "On its face, CERCLA § 113(f)(1) expressly authorizes claims for contribution, and includes a 'saving' clause that precludes any finding of preemption as to state law claims for

contribution . . . ." <u>City of Emeryville</u>, 621 F.3d at 1262.  KFD's motion for summary judgment on these claims is DENIED.

## V. **CONCLUSION**

For the foregoing reasons, Defendant Eureka's motion for summary judgment is DENIED.  Plaintiff KFD's motion is GRANTED with respect to Eureka's first claim for relief under CERCLA § 107 and Eureka's fourth and fifth claims for relief under the HSAA.  KFD's motion is DENIED with respect to all other claims and counterclaims.

IT IS SO ORDERED.

Dated: May 9, 2014                          _____
                                             UNITED STATES DISTRICT JUDGE