United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KFD ENTERPRISES, INC.,

Plaintiff,

v.

CITY OF EUREKA, et al.

Defendants.

Case No. 08-cv-04571-SC

ORDER DENYING MOTION TO STRIKE JURY TRIAL DEMAND

Now before the Court is Plaintiff KFD Enterprises, Inc.'s ("KFD") motion to withdraw its own jury trial demand and to strike Defendant City of Eureka's ("Eureka") jury demand. The motion is fully briefed[1] and appropriate for determination without oral argument per Civil Local Rule 7-1(b). For the reasons set forth below, KFD's motion to strike the jury trial demand is DENIED.

KFD noticed and filed this motion on April 25, 2014. ECF No. 687; Mot. at 6. On August 23, 2013, this Court issued a Status

[1] ECF Nos. 687-1 ("Mot."), 689 ("Opp."), 691 ("Reply").

United States District Court
For the Northern District of California

Conference Order, ECF No. 632. That Order set a trial date of June 16, 2014 and specified that the last hearing date for motions would be May 2, 2014. Pursuant to Civil Local Rule 7-2(a), parties must file, serve, and notice motions 35 days prior to the assigned hearing date. Consequently, March 28, 2014 was the last date on which KFD could have timely filed its motion. Granting the motion at this late date would require Eureka to significantly alter its trial strategy and begin preparing for a nonjury trial less than three weeks before trial begins. The motion is untimely and granting it would likely prejudice Eureka. For those reasons it is DENIED. However, the Court would deny the motion even if it were to consider the motion on the merits.

KFD's Fourth Amended Complaint includes a demand for a jury trial pursuant to Federal Rule of Civil Procedure 38. ECF No. 410 ("FAC") at 34. Eureka also includes a jury trial demand in its Fourth Amended Counter-Claim and Cross-Claim. ECF No. 355 at 26. The Federal Rules permit withdrawal of a "proper" jury demand "only if the parties consent." Fed. R. Civ. P. 38(d). Eureka has not consented, and thus KFD may withdraw its demand only if it was improper.

KFD argues that its jury demand was improper because it seeks only equitable relief. While a right to a trial by jury exists where a party seeks monetary damages, no such right exists where a party seeks only equitable relief. See U.S. Const. amend. VII; Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564-65 (1990) (right to jury trial depends in part on whether legal or equitable relief is sought). Though KFD's FAC makes it explicitly clear that KFD seeks damages as well as equitable

relief, FAC at 33-34, KFD argues that it seeks against Eureka only specific performance in the form of an injunction ordering Eureka to repair or update its sewers. KFD Reply at 4. KFD asserts that it sought damages only against the other defendants in this case, all of whom have settled. Because no defendant against whom KFD seeks monetary damages remains in the case, KFD argues that it has no right to a jury trial.

It is clear from KFD's FAC that it seeks monetary damages as well as injunctive relief in its claims against Eureka. In addition to the general prayer for damages, FAC at 34, KFD specifically requests damages in common law and state law claims it brought against Eureka. KFD's claims for private nuisance, public nuisance, public nuisance per se, and dangerous condition of public property all include specific claims for damages. FAC ¶¶ 77-92, 98-102. For example, KFD's public nuisance claim asserts that "Plaintiff has been, and will be, damaged by incurring costs to respond to the alleged hazardous substance contamination in and around the Property in an amount to be established at trial." Id. ¶ 86. KFD's dangerous condition of public property claim, which it brought only against Eureka, includes the allegation that Eureka's failure to properly maintain its sewer caused "Plaintiff's damages including, but not limited to, response costs incurred and to be incurred in the future to properly respond to the alleged contamination near the Property, and related costs in making the property safe from contamination." Id. ¶ 102. The Court finds that KFD sought monetary damages on claims brought against Eureka, and specifically against Eureka. Therefore, KFD was entitled to a trial by jury when it filed its complaint, and its jury demand was

United States District Court
For the Northern District of California

proper. KFD cannot unilaterally withdraw its jury trial demand.

KFD's motion to strike is untimely. But even were the Court to consider the motion on its merits, the Court would find that KFD's demand for a jury trial was proper. Consequently, KFD may not unilaterally withdraw its demand for a jury trial. Plaintiff KFD's motion to withdraw its jury trial demand and to strike Eureka's jury trial demand is DENIED.

IT IS SO ORDERED.

Dated: May 20, 2014



UNITED STATES DISTRICT JUDGE